A. STEINHARDT & BRO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 17, 1903.)

No. 3,345.

1. CUSTOMS DUTIES—CLASSIFICATION—SMOKERS' ARTICLES—FURNITURE.

Certain articles used chiefly for the convenience of smokers, consisting of tables on the top of which are affixed smokers' accessories, and of an ornamental miniature automobile for the use of smokers, are dutiable as "smokers' articles," under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 459, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678], and not as "house or cabinet furniture of wood," under paragraph 208, Schedule D, of said act, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647].

2. SAME—CONSTRUCTION—EJUSDEM GENERIS.

Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 459, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678], under the heading "pipes and smokers' articles," enumerated "tobacco pipes and pipe bowls, * * * and all smokers' articles whatsoever, * * * including cigarette books, cigarette book covers, pouches for smoking or chewing tobacco, and cigarette paper in all forms." *Held* that, in view of the broad language employed, the doctrine of ejusdem generis has no application in construing the paragraph.

On application by the importers, A. Steinhardt & Bro., to review a decision (G. A. 5251) of the Board of General Appraisers which affirmed the assessment of duty by the collector of customs at the port of New York.

Albert Comstock, for appellants.
Charles Duane Baker, for appellee.

HAZEL, District Judge. The merchandise in question consists of smokers' articles, as specified in protests 92,389f and 6344h. The collector assessed, among other things: (1) Smokers' tables, having affixed thereto at the top, a wooden jar, brass cup, ash tray, and cigar cutter; (2) an ornamental miniature wooden automobile for the use of smokers—under Act July 24, 1897, c. 11, § 1, Schedule N, par. 459, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678], which imposes a duty of 60 per centum ad valorem upon "pipes and smokers' articles * * * and all smokers' articles whatsoever." The importers claim the articles were dutiable under Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], which imposes a duty of 35 per centum ad valorem upon "house or cabinet furniture of wood, wholly or partly finished and manufactured of wood or of which wood is the component material of chief value, not specially provided for in this act." It is asserted that the correct criterion to determine the classification depends upon whether the articles in question are ejusdem generis with pipes, pipe bowls, and other smokers' articles, to which specific allusion is made in paragraph 459. In view of the broad language employed in the paragraph under consideration, I quite agree with the Board of General Appraisers that the doctrine of ejusdem generis is not applicable. It is difficult to conceive of any other reasonable construction than that the articles are specifically included in the term "all smokers' articles whatsoever." Although these articles may with propriety be termed ornamental, nevertheless their common use, and the extent to which they are generally used— facts readily discoverable on inspection—are the test of classification. The imported articles are chiefly used for the convenience of smokers, and hence properly assessed as smokers' articles.

Decision of the Board of General Appraisers is affirmed.