## KNAUTH *v.* UNITED STATES (No. 161).[1]

1. SMOKERS' ARTICLES—FIRST USE—CLASSIFICATION.
   It is sufficient to bring a commodity within the classification "smokers' articles" if it is shown the article must have passed with its first use into the hands of a consumer for use as a smokers' article.

2. SAME—USE IN CHIEF—CLASSIFICATION.
   Use in chief controls in classification, and the consignment of tin boxes here, being in shape, size, and markings plainly designed for use by smokers, could not properly be classed as manufactures of metal, and the boxes were properly held dutiable as smokers' articles under paragraph 459, tariff act of 1897.—Steinhardt *v.* United States (126 Fed. Rep., 443) approved.

### United States Court of Customs Appeals, March 20, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 22155 (T. D. 30111); Abstract 22273 (T. D. 30165).

[Affirmed.]

*Brown & Gerry* for appellants.
*D. Frank Lloyd,* Assistant Attorney General, for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

DE VRIES, Judge, delivered the opinion of the court:

Knauth, Nachod & Kuhne, of New York, in 1908 imported at that port certain tin cigarette boxes. They are approximately 3 by 4 inches in size, made up with rounded corners and ornamented in a crude way by impressions from the interior of the tin. On one side appear the words "Alma Cigarettes" and "Khedivial Co., N. Y.," between which is a representation of the sword and fez of the Khedive. On the other side the word "Alma" with the same impression, both impressions being surrounded with lines intended for ornamental purposes. They are in shape, ornamentation, and in every respect the size and construction of the conventional cigarette box for pocket use.

Accompanying the record as one of the exhibits in the case is a package of "Alma cigarettes," done up in paper, sealed with the proper revenue stamp, of the accurate size to be slipped into the box described. There is a revenue notice on the paper inclosing the ciga-

---

[1] Reported in T. D. 31432 (20 Treas. Dec., 540).

rettes, but none upon the box itself, and while the paper package of cigarettes is evidently manufactured in the city of New York, because the notice emanates from "Factory No. 5, 2nd District of New York," the tin box, as stated, is imported, having been manufactured in Dresden, Germany.

The collector assessed duty at the rate of 60 per cent ad valorem upon the tin boxes as smokers' articles, under the provisions of paragraph 459 of the tariff act of 1897, which provides that rate upon "all smokers' articles whatsoever."

459. Pipes and smokers' articles: Common tobacco pipes and pipe bowls made wholly of clay, valued at not more than forty cents per gross, fifteen cents per gross; other tobacco pipes and pipe bowls of clay, fifty cents per gross and twenty-five per centum ad valorem; other pipes and pipe bowls, of whatever material composed, and all smokers' articles whatsoever, not specially provided for in this act, including cigarette books, cigarette-book covers, pouches for smoking or chewing tobacco, and cigarette paper in all forms, sixty per centum ad valorem.

The importers claim them properly dutiable as "a manufacture of metal" under paragraph 193 of the same act.

The words "all smokers' articles whatsoever" are broad enough, in the opinion of the court, to include this merchandise. We think it fully within the principles laid down by the United States Circuit Court for the Southern District of New York in Steinhardt & Bro. *v.* United States (126 Fed. Rep., 443), and approve the principles of that decision.

The samples themselves are ample conviction to the mind that the sole and only use of the imported merchandise is for smokers. There is some testimony in the record and other allusion to an internal-revenue provision prohibiting the use of such boxes a second time. Without entering into any discussion on the subject of whether or not that would apply to the boxes in the hands of the consumer, we think it entirely sufficient to come within the category of a smoker's article that the box be used in the hands of one consumer and that during the consumption of the contents purchased with the same, no subsequent or other use being shown. We can not conceive of any other use and the record discloses no other, but, on the contrary, shows that to be the sole use to which the article is devoted. There is no requirement of a more extended purpose. The doctrine of chief use would alone seem to be sufficient to control this case. Magone *v.* Wiederer (159 U. S., 555); Magone *v.* Heller (150 U. S., 70).

The phrase as used in the statute, "all smokers' articles whatsoever," is exceedingly comprehensive. The use of both words "all" and "whatsoever" seems to leave little doubt as to the intention of the legislature. "Whatsoever" is an intensified form of "whatever." The uniform definition is:

Of whatever nature, kind, or sort; * * * what thing or things soever; *no matter what thing or things;* * * *.

The intensified form of the expression used, together with the far-reaching effect of the qualifying words stated, manifests to our mind a purpose on the part of the legislature to reach out into all branches of trade and commerce and to gather within the dutiable provisions of this paragraph everything used chiefly by smokers, in that pursuit, and for that purpose, wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included.

*Affirmed.*

MONTGOMERY, Presiding Judge, and HUNT, SMITH, and BARBER, Judges, concur.