## DALE v. UNITED STATES (No. 626).[1]

LEATHER-COVERED PIPE AND CIGARETTE-HOLDER CASES.

Common knowledge and observation serve to convince that the importation is one of smokers' articles, and these are dutiable not as manufactures of leather but as falling within "all smokers' articles whatsoever," paragraph 475, tariff act of 1909.—Vandiver v. United States (1 Ct. Cust. Appls., 194; T. D. 31219); Mark Cross Co. v. United States (*Ibid.*, 377; T. D. 31457); Knauth v. United States (*Ibid.*, 334; T. D. 31432).

### United States Court of Customs Appeals, December 19, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24862 (T. D. 31316) and Abstract 25186 (T. D. 31450).

[Affirmed.]

*McLaughlin, Russell, Coe & Sprague (Edward P. Sharretts* of counsel) for appellant.
*Wm. K. Payne,* Deputy Assistant Attorney General (*Wm. A. Robertson,* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This is an appeal from a decision of the Board of General Appraisers wherein it held that the articles herein involved—to wit, leather-covered pipe cases and leather-covered cigarette-holder cases—were dutiable as "all smokers' articles whatsoever, not specially provided for," and not as "cases, made wholly of, or in chief value of leather, * * * not specially provided for." They were, therefore, held dutiable by the board under the provisions of paragraph 475 of the tariff act of 1909, rather than under the provisions of paragraph 452.

While this record is not free from error below, we are satisfied, after an examination of the entire record and the samples accompanying

the same, that no such error has been made as would deprive the appellant of a substantial right in final judgment. What constitutes "smokers' articles," and the relation of the two paragraphs the subject of consideration, have heretofore been the subject of decision by this court.

In Vandiver *v.* United States (1 Ct. Cust. Appls., 194; T. D. 31219) a similar question arose. That case concerned cedar boxes of suitable size, plain and decorated, marked "cigars" and "cigarettes," and similar boxes unmarked, but fitted and chiefly used for the purposes of and by smokers, which were held properly dutiable as "smokers' articles."

In Mark Cross Co. *v.* United States (1 Ct. Cust. Appls., 377; T. D. 31457) this court held that the provisions of paragraph 475 for "all smokers' articles whatsoever" was more specific than the provision for "cases of leather" in paragraph 452. We said:

The leather paragraph, however, provides for cases composed in chief value of leather—that is, for all such cases—and it therefore includes not only cigar and cigarette cases so composed, but also all other kinds of such leather cases. The smokers' paragraph provides for smokers' articles only, and would therefore include only such leather cases as are used by smokers—that is, the first paragraph provides for all cases composed in chief value of leather, the second provides only for such cases so composed as are used by smokers. Therefore, in so far as these two paragraphs respectively touch upon such leather cases, the first paragraph includes all, and the second only a part; the first is the genus and the second the species.

In Knauth *v.* United States (1 Ct. Cust. Appls., 334; T. D. 31432) the court, endeavoring to define under the language of earlier decisions and the statutes what constituted a smoker's article, said:

The phrase as used in the statute, "all smokers' articles whatsoever," is exceedingly comprehensive. The use of both words "all" and "whatsoever" seems to leave little doubt as to the intention of the legislature. * * *

The intensified form of the expression used, together with the far-reaching effect of the qualifying words stated, manifests to our mind a purpose on the part of the legislature to reach out into all branches of trade and commerce and to gather within the dutiable provisions of this paragraph everything used chiefly by smokers, in that pursuit and for that purpose, wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included.

In the light of these decisions, and that common knowledge and observation which is the experience of every one in every day life in cities and places where these goods are sold and used, convinces us beyond any peradventure of doubt that such articles as are the subject of decision here are reasonably included within the term "all smokers' articles whatsoever" as used in paragraph 475, and heretofore defined by this and other courts.

In this respect, the case is similar to Robertson *v.* Salomon (130 U.S., 412, 414), wherein the Supreme Court said:

Beyond the common knowledge which we have on this subject, very little evidence is necessary or can be produced. Nix *v.* Hedden (149 U. S., 304).

The decision of the Board of General Appraisers is *affirmed.*