## SHELDON & Co. *v.* UNITED STATES (No. 754).[1]

AUTOMATIC LIGHTERS TO IGNITE ACETYLENE GAS.

> From the evidence and upon examination of the article itself, it can not well be deemed a smoker's article. Its use appears to be to light acetylene lamps. It is dutiable as a manufacture of metal, paragraph 199, tariff act of 1909.—Distinguishing Abstract 13785 (T. D. 27785).

### United States Court of Customs Appeals, January 11, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26400 (T. D. 31832).

[Reversed.]

*Brown & Gerry* for appellants.

*Wm. L. Wemple,* Assistant Attorney General (*Wm. K. Payne,* Deputy Assistant Attorney General, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise imported in this case was assessed by the collector as smokers' articles, and on appeal to the Board of General Appraisers this assessment was affirmed. The importers claimed that the importation was dutiable at 45 per cent ad valorem as manufactures wholly or in part of metal, under paragraph 199 of the tariff act of 1909.

The article in question consists of a lighter, the component parts of which are a tube of metal 2 inches in length, at one end of which is inserted a wick extending through the tube and an additional 3½ inches hanging limp. The covering of the metal portion of the tube contains at one end of it a piece of metal which, in contact with the metal of the inner tube, ignites and causes the end of the wick incased in the tube to burn, not as a flame, but as a glow.

The evidence introduced by the importer was that of the treasurer and manager of the importing company, which is a motor-car equipment company. He testified that the article imported was used to ignite acetylene gas, and was advertised as the "Volcano Lamp-Wick Igniter," and sold for the purpose of igniting acetylene lamps. In answer to the question, "Are these ever used as cigar lighters?" he replied, "I don't think they can be used." In answer to the further question, "Never used as a smoker's article to light cigars or used in cigar stores?" Answer. "Well——"

Judge WAITE. Are they? If you don't know, say so.—A. I don't know; no.

The first question is whether upon this evidence and upon the appearance of the article itself this should be held to be dutiable as a smoker's article. We think not, and we base our conclusion in part upon the appearance of the article. It is not an article which one could well carry in the pocket. It is true it is possible, but a large portion of the wick is uncovered and extended. While it might have a proper place in the tool box of an automobile, it would cer-

---

[1] Reported in T. D. 32199 (22 Treas. Dec., 117).

tainly be an inconvenient, if not cumbersome, article to carry in the pocket. Indeed, the collector reports that the articles are not to be carried on the person.

In addition to this, the only testimony in the case showing the use of the article is that of the importers' witness, who states its use to be to ignite acetylene lamps. It could possibly be used by smokers to ignite cigars or pipes, and it was invoiced for some reason as a cigar lighter. Nevertheless, upon this record we think the evidence, based upon the character of the article as disclosed by inspection and by the testimony as to its use, clearly establishes that it is not in its chief use a smoker's article.

Reliance is placed by the Government upon the case Abstract 13785 (T. D. 27785). In that case the protest related to articles known as Instanto air pocket cigar lighters, and they were classified as smokers' articles. It is said in the opinion in this case that these articles are practically identical with those the subject of the board's decision in the case cited. This is evidently an error, for in the present case the collector reports that these articles are not designed to be carried in the pocket, a fact which would clearly distinguish that case from this, and this consideration also disposes of the contention of a legislative adoption of the rule in that case which would control the present.

The decision of the board should be *reversed* and the importation held dutiable as contended by importers.