BERNHARDT *et al. v.* UNITED STATES (No. 1009).[1]

AUTOMATIC LIGHTERS.

The question for determination was whether the goods of the importation were in their chief use smokers' articles. They were so assessed and the board so found them. · From the evidence, while it appears the articles may have other occasional uses, their chief use is as cigar lighters, and they were properly assessed as smokers' articles.—Knauth *v.* United States (1 Ct. Cust. Appls., 334; T. D. 31432); Dale *v.* United States (2 Ct. Cust. Appls., 384; T. D. 32111).

## United States Court of Customs Appeals, February 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29552 (T. D. 32767).

[Affirmed.]

*Comstock & Washburn* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *William A. Robertson,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in this case consists of small lighters in the form of oblong boxes about 1½ inches wide by 2½ inches long and three-eighths of an inch in thickness, which, when opened, make a light. The articles are evidently designed to be carried in the pocket and are admittedly well adapted for, and are often sold for, cigar lighters. They were assessed for duty under paragraph 475 of the tariff act of 1909, which provides for all smokers' articles whatsoever. The appellants claim that they are dutiable as articles of metal under paragraph 199. The board found that the appellants had failed to establish by a preponderance of the testimony that the classification made by the importer was incorrect.

Under the previous holdings of this court in Knauth *v.* United States (1 Ct. Cust. Appls., 334; T. D. 31432) and Dale *v.* United States (2 Ct. Cust. Appls., 384; T. D. 32111) the question which stood for decision by the board was one of fact, namely, as to whether the articles in question were in their chief use smokers' articles. The collector having classified the articles as smokers' articles, the burden rested with the importer.

Without attempting a review of the testimony in this opinion, we are satisfied that the conclusion reached by the board has ample support in the testimony, and that it is not clearly against the weight of the evidence. Indeed, an examination of the testimony convinces us that while the articles may have other occasional uses, their chief use is that of cigar lighters. They are well adapted to be carried in the pocket and in that respect are distinguished from the article considered in the case of Sheldon & Co. *v.* United States (2 Ct. Cust. Appls., 439; T. D. 32199).

The decision of the board is *affirmed.*

---

[1] Reported in T. D. 33223 (24 Treas. Dec., 312).