UNITED STATES *v.* HANOVER VULCANITE Co. (No. 1194).[1]

RUBBER MOUTHPIECES FOR PIPES.

These mouthpieces for pipes are finished. They are not, it is true, designed to be used in any particular pipe or pipestem, but are made to be inserted in any pipe or stem so constructed as to receive the same, and seem to be of a size and shape commonly in use. They clearly fall within the description of "all smokers' articles whatsoever" in paragraph 475, tariff act of 1909.— United States *v.* Eytinge (4 Ct. Cust. Appls., 266; T. D. 33486).

United States Court of Customs Appeals, November 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 32435 (T. D. 33433).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, on the brief), for the United States.

Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

This case is argued only on behalf of the Government, the appellant.

The merchandise was returned by the appraiser as smokers' articles and so classified by the collector. In the appraiser's return it was described as finished pipe mouthpieces of rubber and was invoiced as single mountings. It was assessed at 60 per cent ad valorem under paragraph 475 of the tariff act of 1909. No sample of the importation was retained.

The importers appealed to the Board of General Appraisers, and at the hearing of the protest there was offered in evidence by the importer what the witness testified was a representative sample of the merchandise, but not a sample of the importation. The Government objected to the sample upon the ground that it was not properly identified, but the board received the same in evidence subject to the Government's exception.

The board sustained the protest.

One of the questions assigned and argued before us is that there was error in the admission of this sample in evidence. This question we do not find it necessary to determine. The other question is whether, assuming there was no error in the admission of the sample, the judgment of the Board of General Appraisers can be upheld upon the record.

No parol testimony germane to this issue was given before the board except that of one witness, who testified on behalf of the importers and said, among other things, that the merchandise was rubber mountings.

The board, in its opinion, said:

The testimony in the case is very meager, but the appraiser reports that they (the rubber mountings for pipes) are finished pipe mouthpieces of rubber. We think it quite apparent from this report and the meager testimony in the case that the merchandise is identical with that which was the subject of this

---

board's decision in Hanover Vulcanite Co.'s case, Abstract 28094 (T. D. 32396), following which the protest is sustained and the collector directed to reliquidate the entry assessing duty under paragraph 464, tariff act of 1909.

The evidence in the Hanover Vulcanite case referred to in the board's decision was not moved into the record in this case. By referring to Abstract 28094 (T. D. 32396), however, it appears that the board there found the merchandise was rubber mountings, was unfinished mouthpieces for pipes, and that these mountings must be joined, fitted to a wooden part, threaded, and polished before they were ready to be put into pipes.

There is no evidence to that effect in this case, although the importers testified, as above stated, that the merchandise was rubber mountings. The sample which they produced and which was received by the board appears, so far as we can judge, to be ready in its present condition for insertion into the stem of a pipe. Whether or not this is true, the fact remains that there was no evidence offered before the board sufficient to overcome the presumption of the correctness of the collector's classification.

One name for the merchandise may be rubber mountings, but it is nevertheless true that it is rubber mouthpieces for pipes. The appraiser by his return and the collector by his classification and assessment have found that they are finished mouthpieces for pipes, and we can not consider the statement of the board that they are like the merchandise in Abstract 28094 (T. D. 32396) as conclusive against the Government in this case. While it may be that some mouthpieces are threaded and made to screw into the pipestem, it is also true that others are made to fit into the pipestem without threading, and so far as the evidence in this case shows the merchandise is of that class and must so be presumed in view of the action of the customs officers.

This case in principle is within the rule laid down by this court in United States v. Eytinge (4 Ct. Cust. Appls., 266; T. D. 33486).

Perhaps it ought further to be said, in view of the fact that the claims of the importers are not presented here other than as shown by the record, that paragraph 464, under which the protest was sustained by the board, relates to manufactures of hard rubber not specially provided for, while paragraph 475, among other things, relates to "all smokers' articles whatsoever not specially provided for."

Possibly it might be urged that these finished pipe mouthpieces were not within paragraph 475. We think, however, this claim, if made, ought not to be sustained. As already appears, these mouthpieces for pipes are finished. They are not designed to be used in any particular pipe or pipestem, but made to be inserted in any pipe or stem so constructed as to receive the same, and seem to be of a size and shape commonly in use. Manifestly their design and construction has appropriated and devoted them to the smokers' use, and we think they clearly fall within the description of "all smokers' articles whatsoever."

If authority were needed to support this conclusion, reference may be had to T. D. 27769, where finished pipestem mouthpieces composed

of pyroxylin were by the board held dutiable as a smoker's article, although claimed to be dutiable as a manufacture of pyroxylin under the tariff act of 1907. The conclusion of the board was sustained in the United States Circuit Court for the Southern District of New Yok. See United States *v.* Knauth, apparently only reported in T. D. 27769.

The judgment of the Board of General Appraisers is *reversed*.