## Bush & Co. *v.* United States (No. 2025).[1]

1. Construction, Paragraph 381, Tariff Act of 1913—"Pipes and Pipe Bowls"—"Smokers' Articles"—Parts of Pipes—Pipe Stems.

   It is not the meaning of paragraph 381, tariff act of 1913, that "pipes and pipe bowls" should be a separate and distinct classification from "smokers' articles," so that parts of pipes other than bowls (e. g. stems) should be excluded from the paragraph. Pipe stems are "smokers' articles" within the paragraph.

2. Evidence—Presumption of Correctness Attendant upon Official Actions.

   Merchandise returned by the appraiser as "pipe stems" and reported by him as being "ready for use as pipe stems without further process of manufacture" when imported, and found by the collector and the Board of United States General Appraisers to be pipe stems, must, in the absence of any evidence to the contrary, be regarded as completely manufactured pipe stems.

3. Construction, Paragraph 381, Tariff Act of 1913—"All Smokers' Articles Whatsoever."

   By using the words "all smokers' articles whatsoever" (par. 381, tariff act of 1913) Congress manifested its intention "to reach out into all branches of trade and commerce and to gather within the dutiable provisions of this paragraph everything used chiefly by smokers, in that pursuit, and for that purpose, wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included."—Knauth *v.* United States (1 Ct. Cust. Appls., 334; T. D. 31432) construing the same language in paragraph 459, tariff act of 1897.

---

[1] T. D. 38402 (38 Treas. Dec., 415).

162987—21—vol 10——11

4. CONSTRUCTION, PARAGRAPH 381, TARIFF ACT OF 1913—"ARTICLES"—MATERIALS AND MANUFACTURES DISTINGUISHED—PIPE STEMS.

While it is true that the product of one manufacture may be the material for another (Tide Water Oil Co. v. United States, 171 U. S., 210), and that finished pipe stems may be regarded as material for manufacturing or assembling pipes, still, being separate and distinct subjects of trade and use, and the language of paragraph 381, tariff act of 1913, "all smokers' articles whatsoever" being so comprehensive, they must be regarded as "articles" within the paragraph.

5. CONSTRUCTION, PARAGRAPH 648, TARIFF ACT of 1913—"CUT INTO LENGTHS."

Paragraph 648, tariff act of 1913, excludes bamboo which has been "further advanced than cut into lengths." Bamboo pipe stems cut and pierced behind a joint for the mouth and tapered at the other end for the pipe are "further advanced" and not to be classified under the paragraph.

6. CONSTRUCTION, PARAGRAPHS 381 AND 176, TARIFF ACT of 1913—RELATIVE SPECIFICITY—"SMOKERS' ARTICLES"—"MANUFACTURES OF WOOD."

With reference to bamboo pipe stems, the provision of paragraph 381, tariff act of 1913, for "smokers' articles" is obviously more specific than that of paragraph 176 for "manufactures of wood."

7. BAMBOO PIPE STEMS.

"Bamboo pipe stems, 5 inches in length, one end cut off square just back of a joint, thus forming a mouthpiece, and the other end tapered to fit into the pipe," are classifiable as "smokers' articles," under paragraph 381, tariff act of 1913, and not as "bamboo" under paragraph 648 or "manufactures of wood" under paragraph 176.

## United States Court of Customs Appeals, May 1, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43520.

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel), for appellants.

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

[Oral argument Apr. 6, 1920, by Mr. Washburn and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The appraiser at the port of Seattle reported to the collector thereat, that the importations covered by this appeal were of "bambo pipe stems, 5 inches in length, one end cut off square just back of a joint, thus forming a mouthpiece, and the other end tapered to fit into the pipe." The collector so reported to the board. The case was submitted upon the samples and the appraiser's report.

The protestants alleged that the merchandise was "Bamboo pipe stems." The board affirmed the decision of the collector. Importers appeal.

The assessment was made upon the theory, the board held and the Government contends, that the articles are properly classifiable for duty as "smokers' articles" under paragraph 381 of the tariff act of 1913, reading:

381. Pipes and smokers' articles: Common tobacco pipes and pipe bowls made wholly of clay, 25 per centum ad valorem; other pipes and pipe bowls of whatever material composed, and all smokers' articles whatsoever, not specially provided for in this section, including cigarette books, cigarette-book covers, pouches for smoking or chewing tobacco, and cigarette paper in all forms, except cork paper, 50 per centum ad valorem; meerschaum, crude or unmanufactured, 20 per centum ad valorem.

The importers, appellants here, contend the articles are properly classifiable either, as "bamboo" and entitled to free entry under paragraph 648 of said act, reading: ·

648. Woods: Cedar, including Spanish cedar, lignum-vitæ, lancewood, ebony, box, granadilla, mahogany, rosewood, satinwood, and all forms of cabinet woods, in the log, rough, or hewn only, and red cedar (Juniperus virginiana) timber, hewn, sided, squared, or round; sticks of partridge, hair wood, pimento, orange, myrtle, bamboo, rattan, reeds unmanufactured, india malacca joints, and other woods not specially provided for in this section, in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes—

Or as manufactures of wood under paragraph 176 of said act, in words as follows:

176. House or cabinet furniture wholly or in chief value of wood, wholly or partly finished, and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for in this section, 15 per centum ad valorem.

It is argued with much zeal and ingenuity by counsel for importers that paragraph 381 is divisible according to subject matter, the subjects thereof being "pipes and pipe bowls" and "smokers' articles," each therein being deemed by Congress separate tariff entities, wherefore, it is deduced, that the decisions and rules of construction enunciated as to "smokers' articles" are not applicable to the terms "pipes" and "pipe bowls" as employed in that paragraph. It is further urged that as there is no provision therein for parts of pipes and as these are such, this part of the paragraph is inapplicable. The court is unable to view that the dual enumeration is used by Congress with that intent.

An examination of the paragraph as written and its predecessor paragraphs, to and including the act of 1883, discloses that rates of duty have in all of said acts been levied upon certain kinds of pipes, and, sometimes, the bowls therefor, different from those rates laid upon certain other kinds of smokers' articles, wherefore, the separate enumerations (1883, par. 476; 1890, par. 468; 1894, par. 359; 1897, par. 459; 1909, par. 475) were necessary. Indeed, many paragraphs of the several tariff acts are opened by a denominative enumeration, followed by a general term inclusive thereof, obviously without any purpose of Congress to thereby mark a distinction in tariff subjects. Thus, paragraph 357 reads: "Diamonds and other precious stones * · * *." It does not follow that thereby Congress meant to accord "diamonds" in that paragraph a different tariff status from other

precious stones other than expressed by the subsequent words of the act. The court is, therefore, of the opinion that the Congress did not intend to restrict the provisions of this paragraph relating to pipes and bowls thereof as exclusive of the language therein applicable to such articles, but intended also the language therein relating to "smokers' articles" equally applicable to pipes and bowls. in all cases wherein the natural scope of said terms was so inclusive and the the particular article was not more specifically provided for in the paragraph as a pipe or pipe bowl.

Is, therefore, a pipestem, which is a *part* of a pipe, within the term "smokers' articles" as herein employed?

While something has been here said about these stems being only partly completed, we think that they can not be so held upon the evidences of this record. They were returned by the appraiser as "pipestems." In one case it is stated by the appraiser that "These articles, when imported, are ready for use as pipestems without any further process of manufacture, * * *." They were so returned by the collector and found by the board as pipestems, unqualifiedly, and there is in the record no controverting testimony. We must assume, therefore, that they are completed pipestems ready as imported to be used as parts of pipes. The contention is that parts of pipes are not herein classifiable.

This court in Knauth v. United States (1 Ct. Cust. Appls., 334; T. D. 31432), announced the rule of construction applicable to this provision as it appeared in paragraph 459 of the tariff act of 1897, in substantially the language of this act. We therein said:

The intensified form of the expression used, together with the far-reaching effect of the qualifying words stated, manifests to our mind a purpose on the part of the legislature to reach out into all branches of trade and commerce and to gather within the dutiable provisions of this paragraph everything used chiefly by smokers, in that pursuit, and for that purpose, wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included.

The doctrine as therein stated has been frequently reaffirmed by this court.

In United States v. Hanover Vulcanite Co. (4 Ct. Cust. Appls., 503; T. D. 33919), the rule was applied to rubber mouthpieces for pipes which are in fact parts of the stems of pipes, or, if you please, stems of pipes, and we are of the opinion that that case rules this. See also United States v. Isaacs (148 U. S., 654) and United States v. Schoverling (146 U. S., 76).

There is another consideration pertinent. In view of the broad language of paragraph 381, "all smokers' articles whatsoever," there being no related language, or restraining language in the paragraph itself limiting the word "articles," its broad, unqualified use readily makes it inclusive of those finished, completed materials which are themselves articles of commerce. While finished pipestems are

materials for the making of pipes or, more strictly speaking, the assembling of the parts of pipes, as imported, they are completed finished articles of commerce of an admitted distinctive name, "pipe-stems," and are independent subjects, not only of wholesale but retail trade, and so known to all men.

They are the ultimate articles of one manufacture which become the material for another. Tide Water Oil Co. *v.* United States, (171 U. S., 210). Thus this court has held "cue tips," imported as such, intended to be used as parts of billiard cues, are "articles." Brunswick-Balke-Collender Co. *v.* United States (7 Ct. Cust. Appls., 1; T. D. 36253).

Also, that "hat sweats," imported as such, intended to be used in hat making as parts thereof, are "articles." Tilge & Co. *v.* United States (3 Ct. Cust. Appls., 97; T. D. 32360). See also Stiner & Son *v.* United States (5 Ct. Cust. Appls., 246; T. D. 34428). So "pipe-stems," known as such, imported to be used in making and as parts of pipes, within this paragraph, which bears no material evidence of a contrary congressional intent, but the most comprehensive phrase-ology of which evidences a congressional purpose to include "all" articles whatsoever, are "articles" therewithin, though they may become the finished materials of subsequent manufacture.

Importers urge that, granting the foregoing, the word "bamboo" as used in paragraph 648 is more specific than the phrase "all smokers' articles whatsoever," as used in paragraph 381. Passing considera-tion of the question of a designation by use controlling over an *eo nomine* designation (United States *v.* Snow's United States Sample Express Co. (8 Ct. Cust. Appls., 351; T. D. 37611)), the court views that the modifying language of paragraph 648, under the facts of this case, excludes these articles. To be classified thereunder the bamboo must be "not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes." That is to say, they must not be further processed than cut into lengths. These sticks are so further cut. Obviously, "smokers' articles" is a more specific designation than "manufac-tures of wood," as used in paragraph 176. The court, therefore, is of the opinion that the decision of the Board of General Appraisers should be affirmed.

*Affirmed.*