### UNITED STATES v. DUNHILL (No. 2605) [1]

1. CONSTRUCTION, PARAGRAPH 1454, TARIFF ACT OF 1922—"ALL SMOKERS' ARTICLES WHATSOEVER."

   The provision for "all smokers' articles whatsoever" (par. 1454, act of 1922) is exceedingly comprehensive language and is intended to embrace "everything chiefly used by smokers, in that pursuit and for that purpose." *Knauth* v. *United States*, 1 Ct. Cust. Appls, 334. It matters not what the material may be of which the article is composed, or that it may have an incidental use other than as a smokers' article, if its chief use is such, it is a smokers' article. Nor need it be *ejusdem generis* with the other articles designated *eo nomine* in the paragraph.

---

[1] T. D. 41231.

2. .ARTICLE.

Whether or not a fluid may be an article is not decided, but a sealed bottle of a fluid is an article.

3. EVIDENCE, PRESUMPTIONS AND REBUTTAL.

Although the appraiser's reports on the merchandise in two entries were not identical, the offering by one party, with the expressed assent of the other, of one sample to represent both, establishes that they were the same. His report that one of the entries was a "chemical element to be used for cleaning smokers' pipes" is sufficient foundation for sustaining protests claiming classification as "smokers' articles," under paragraph 1454, Tariff Act of 1922. against classification under paragraph 24 as containing alcohol.

4. RELATIVE SPECIFICITY—PARAGRAPHS 24 AND 1454, TARIFF ACT OF 1922— ALCOHOLIC COMPOUNDS—SMOKERS' ARTICLES—USE.

A classification by use is more specific than one by composition. Consequently, the provision of paragraph 1454, Tariff Act of 1922, for smokers' articles, is more specific than that of paragraph 24 for compounds containing alcohol.

5. CONSTRUCTION, PUBLIC POLICY—ALCOHOL—PROHIBITION.

This court will, on all proper occasions, in its adjudications, attempt to carry into effect the expressed public policy of the country. But such policy with regard to prohibition of alcohol relates to alcohol for beverage purposes, and the importation of other alcohol is provided for in the Tariff Act of 1922.

6. "PYPURE"—PIPE-CLEANING FLUID CONTAINING ALCOHOL.

Bottles of an alcoholic compound, designated by the trade name "pypure," used for cleaning pipes, is a smoker's article under paragraph 1454, Tariff Act of 1922, rather than an alcoholic compound under paragraph 24.

United States Court of Customs Appeals, December 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8975 (T. D. 40826)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter* and *Reuben Wilson,* special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellee.

[Oral argument October 28, 1925, by Mr. Igstaedter and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Appellee imported on September 14, and again on October 22, 1923, a shipment of a fluid chemical mixture designated by the trade name of "Pypure." These importations were both classified under paragraph 24 of the Tariff Act of 1922, at 80 cents per pound and 25 per centum ad valorem. They were claimed to be dutiable in each instance by the appellee as smokers' articles, under paragraph 1454 of said act, with alternative claims as a chemical compound under paragraph 5, or as an unenumerated manufactured article under paragraph 1459, of said act. The board sustained the importer's claim under said paragraph 1454.

On the hearing before the board no evidence was introduced except the official sample and the advisory reports of the appraiser upon both protests. The said report in protest 20282 is as follows:

The merchandise in question is described on the invoice as pypure, and was, on examination, found to be a chemical element to be used for cleaning smokers' pipes and containing 88 per centum of alcohol. It was returned for duty at 80 cents per pound and 25 per centum under paragraph 24, act of 1922.

In protest 9178 it is as follows:

The merchandise is described on the invoice as bottles of pypure and consists of an alcoholic compound containing over 50 per centum of alcohol. It was returned for duty as such at 80 cents per pound and 25 per centum ad valorem under the last part of paragraph 24 of the act of 1922.

On the hearing before the board, the importer offered in evidence a sample of the merchandise covered by both entries, and this was admitted with the expressed assent of Government counsel. It must therefore be assumed that, although the report of the appraiser is not identical in both cases, the merchandise is the same in both cases and that the official sample properly represents all the merchandise This official sample is a small bottle, containing about 2 ounces of a red liquid, and upon the bottle appears a printed label headed "Pypure," and giving thereon directions for the use of this liquid in cleaning smokers' pipes.

No contention was made in the court below or here, by appellee, that his claims under paragraphs 5 and 1459 should be seriously considered. It is evident they have no application. The competing paragraphs are, therefore, 24 and 1454, which are as follows:

24. Chemical elements, and chemical and medicinal compounds, preparations, mixtures, and salts, distilled or essential oils, expressed or extracted oils, animal oils and greases, ethers and esters, flavoring and other extracts, and natural or synthetic fruit flavors, fruit esters, oils and essences, all the foregoing and their combinations when containing alcohol, and all articles consisting of vegetable or mineral objects immersed or placed in, or saturated with, alcohol, except perfumery and spirit varnishes, and all alcoholic compounds not specially provided for, if containing 20 per centum of alcohol or less, 20 cents per pound and 25 per centum ad valorem; containing more than 20 per centum and not more than 50 per centum of alcohol, 40 cents per pound and 25 per centum ad valorem; containing more than 50 per centum of alcohol, 80 cents per pound and 25 per centum ad valorem.

1454. Pipes and smokers' articles: Common tobacco pipes and pipe bowls made wholly of clay, valued at not more than 40 cents per gross, 15 cents per gross; valued at more than 40 cents per gross, 45 per centum ad valorem; pipe bowls commercially known as stummels; pipes, cigar and cigarette holders, not specially provided for, and mouthpieces for pipes, cigar and cigarette holders, all the foregoing of whatever material composed, and in whatever condition of manufacture, whether wholly or partly finished, or whether bored or unbored; pouches for chewing or smoking tobacco, cases suitable for pipes, cigar and cigarette holders, finished or partly finished; cigarette books, cigarette-book covers, cigarette paper in all forms, except cork paper; and all smokers' articles whatsoever,

and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthen or stone ware, 60 per centum ad valorem; meerschaum, crude or unmanufactured, 20 per centum ad valorem.

This court has, on numerous occasions, said that the language in paragraph 1454, "all smokers' articles whatsoever," is exceedingly comprehensive language and is intended to embrace "everything used chiefly by smokers, in that pursuit, and for that purpose." *Knauth* v. *United States*, 1 Ct. Cust. Appls. 334. Thus, tin cigarette boxes, leather pocket cigarette and cigar cases, bamboo pipe stems, cedar boxes, leather-covered pipe cases and cigarette-holder cases, and automatic cigar lighters, have been held smokers' articles, under paragraphs of preceding tariff acts having substantially the same language. *Knauth* v. *United States, supra; Mark Cross Co.* v. *United States*, 1 Ct. Cust. Appls. 377; *Bush & Co.* v. *United States*, 10 Ct. Cust. Appls. 161; *Vandiver* v. *United States*, 1 Ct. Cust. Appls. 194; *Dale* v. *United States*, 2 Ct. Cust. Appls. 384; *Bernhard* v. *United States*, 4 Ct. Cust. Appls. 36.

It matters not what the material may be of which it is composed, or that the article may have an incidental use other than as a smoker's article, yet, if the chief use of the article is that of a smoker's article, we have always held that such use will control the classification of the article. Nor need the article be *ejusdem generis* with the other articles, designated eo nomine in the paragraph, to be thus classified.

But it is said the substance imported here is not shown to be a smokers' article; that there is no evidence in the record upon which the court below might set aside the classification determined by the collector. There is little evidence in the record, but we believe there is sufficient to sustain the action of the court below in that respect. The official statement of the appraiser, in protest 20282, introduced in evidence, states that the substance imported is a "chemical element to be used for cleaning smokers' pipes." While it is true an identical statement is not made in the matter of protest 9178, the substance imported in both cases is admittedly the same, and one official sample represents both. In addition, the label attached to the official sample, and which was before the court below and now here for our consideration, states that the fluid contained within the bottle is to be used for cleaning smokers' pipes. It thus appears the substance imported is to be used by smokers for cleaning pipes, and is, in that respect, a smokers' article.

But it is argued paragraph 1454 was not intended to, and does not, apply to fluids; that a fluid can not be considered an article or a material; that the paragraph in question ought to be considered as applying only to solids. The argument is ingenious, but has no real basis upon any adjudged cases, so far as we are advised. But

here there arises no necessity of a refinement of reasoning about what does, or does not, constitute material. The importation here does not consist of a fluid, pypure, but of bottles of convenient size for a smokers' outfit, filled with pypure and sealed. It will require no argument or citation of authorities to convince the reason that such filled bottles are articles.

It is said that this importation, being in a major part of alcohol, was never intended by Congress to be considered as a smokers' article, and that the public policy, as expressed in the eighteenth amendment to the Constitution and the national prohibition act requires the classification of this chemical compound under paragraph 24, where the higher rate will have a more restrictive effect on importations. This court will, on all proper occasions, in its adjudications, attempt to carry into effect the expressed public policy of the country. But the public policy, as we view it, relative to the importation of alcoholic liquors for beverage purposes, is expressed in the constitutional amendment and the legislation heretofore referred to; the public policy of the land, with respect to the importation of alcoholic liquors and compounds, for other than beverage purposes, is expressed in the tariff act of 1922. This last-named act has provided for the importation of such substances, and has given them a classification for duty purposes. Hence their importation for the purposes named can not be said to be against public policy.

If, then, the importations here are smokers' articles as mentioned in paragraph 1454, and are also alcoholic compounds, containing more than 50 per centum of alcohol, as named in paragraph 24, which is the more specific? The liability for duty of an importation as smokers' articles is fixed by use, while the liability of an importation for duty as a chemical compound containing alcohol, is fixed by its composition. In such cases, the classification by use is the more specific. *Mark Cross Co.* v. *United States, supra; Roger & Gallet* v. *United States,* 7 Ct. Cust. Appls. 89; *United States* v. *Snow's United States Sample Express Co.,* 8 Ct. Cust. Appls. 351; *Drakenfeld & Co.* v. *United States,* 9 Ct. Cust. Appls. 124; *Bush & Co.* v. *United States, supra.*

In passing upon this appeal, we have had in mind the sample in the case, its size and apparent suitability for the use suggested. If this pypure were imported in bulk or in packages of large content, or if its use was shown to be something different from that claimed here, a different question might, and probably would, be presented for our determination.

We are of opinion the court below decided the matter correctly. Its judgment is therefore *affirmed.*