BEFORE THE FIRST DIVISION, MAY 20, 1954

No. 58104.—C. S. Goodfriend & Co., Inc. v. United States, protest 195088–K (New York).

OLIVER, Chief Judge: This case relates to two items of merchandise, described on the invoice as "13/1—48 Pcs. Pin tray ass. Col." and "13/2—48 Pcs. Pin tray Ruby bubbled," and assessed with duty at the rate of 50 per centum ad valorem under paragraph 218 (f) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, as blown glass articles, valued at less than $1 each. Plaintiff claims classification for the merchandise as smokers' articles under paragraph 1552 of the Tariff Act of 1930, as modified by T. D. 51802, dutiable at the rate of 30 per centum ad valorem.

The sole witness in the case was the president of the plaintiff corporation, a dealer in all types of glass. The witness stated that he has been importing merchandise such as that in question since 1950 and that he has been handling similar merchandise since 1922. He stated further that all of the articles covered by both of the items in question, as hereinabove identified, are identical in shape and composition, the only difference between them being the color of the glass; item 13/1 is in assorted colors, and item 13/2 is ruby colored. Both of said items are sold in sets of six. The witness identified a representative sample of item 13/2, consisting of six glass articles, composed of heavy ruby-colored glass with what appears to be bubbles through it (plaintiff's collective illustrative exhibits 1–A to 1–F, inclusive). None of the articles comprising the set has the appearance of what is usually recognized as a tray. Each is of a different shape, with a relatively deep, hollow center, and fluted or flowerlike edges. None has the usual indentations found on ashtrays to permit cigars or cigarettes being placed thereon in a horizontal position. The witness attempted to show that merchandise either the same as or similar to that under consideration is used as ashtrays or cigarette holders, but when he was interrogated with reference to the specific merchandise under consideration, as represented by the samples before us (exhibits 1–A to 1–F, inclusive, *supra*), he admitted that these articles are not suitable for such

uses. His testimony on that point, developed from questioning by the court, is as follows (R. 30, 31, 33):

CHIEF JUDGE OLIVER: You don't for a moment contend that those are cigarette rests do you?

WITNESS: As it is now, no, it won't hold cigarettes [referring to plaintiff's collective illustrative exhibit 1–B].

CHIEF JUDGE OLIVER: That's right, the cigarette would slide off, but you contend that if those are different from what they are now, they could be cigarette rests?

WITNESS: Yes, if they hadn't been pushed down so far.

\* \* \* \* \* \* \*

CHIEF JUDGE OLIVER: Let the record show that you are trying to balance a cigarette on one of its leaves [referring to plaintiff's collective illustrative exhibit 1–D].

WITNESS: I wouldn't call it a cigarette rest but the point is that it is intended for that purpose.

CHIEF JUDGE OLIVER: It isn't a cigarette rest the same way that Defendant's "B" is a cigarette rest; \* \* \*

WITNESS: On these exhibits the indentation has not been marked enough, but it was purchased that way.

CHIEF JUDGE OLIVER: In the condition in which it now appears before us today, they are not cigarette rests are they?

WITNESS: No, I would say not, when I bought them we bought them with three cigarette rests on them, but sometimes they do not come out that way.

\* \* \* \* \* \* \*

CHIEF JUDGE OLIVER: Isn't it a fact that not one of those lips happen to be off center, but all three conform to the shape, the downward shape of the decorative piece; it was made that way; it wasn't just a mistake of the workman, it was designed that way.

WITNESS: No, it is designed like this and then he pulls this piece out and when he pulls this piece out, he is supposed to take a stick and push that down.

CHIEF JUDGE OLIVER: Well, whatever he did it was done uniformly so that all have the same shape and the work that was done by the workman, none came out parallel to the floor.

WITNESS: Some of them did.

CHIEF JUDGE OLIVER: But not the ones that we are looking at.

Samples are potent witnesses. *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995. There is nothing about the articles under consideration to indicate that they are dedicated for use as smokers' articles. Tariff classification of merchandise under paragraph 1552 of the Tariff Act of 1930 as smokers' articles is controlled by its chief use. *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310, T. D. 41231. The form and general appearance of the present merchandise suggest its use as receptacles for candy, nuts, mints, buttons, pins, and clips, as argued by defendant.

"The law is well settled that the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States*, 27 C. C. P. A. (Customs) 157, C. A. D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States*, 27 C. C. P. A. (Customs) 146, C. A. D. 75). Under those principles, it was part of

plaintiff's affirmative case to establish, *prima facie*, at least, that the articles in question were "used chiefly by smokers, in that pursuit, and for that purpose," *Knauth* v. *United States*, 1 Ct. Cust. Appls. 334, T. D. 31432. On that phase of its proof, plaintiff has failed in its obligation.

On the record before us, plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification of the present merchandise as blown glass articles under paragraph 218 (f), as amended, *supra*.

The protest is, therefore, overruled and judgment will be rendered accordingly.