(C. D. 1893)

SEARS, ROEBUCK AND CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 26, 1957)

*Lane, Young & Fox* (*William Whynman* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Richard H. Welsh* and *William J. Vitale*, trial attorneys), for the defendant.

Before JOHNSON and DONLON, Judges

DONLON, Judge: This protest concerns classification of merchandise described on invoice and entry as "V-Master De Luxe Cigarette Makers," imported from Canada in November 1953. The collector classified this merchandise under paragraph 1552 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), which provides for "all smokers' articles whatsoever * * * , and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware." Duty was charged at the GATT modified rate of 30 per centum ad valorem.

Plaintiff's protest claims duty under either one of three possible alternatives. The first claim is for a rate of 20 per centum under paragraph 339, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739). The second claim is for a rate of 13¾ per centum ad valorem under paragraph 372, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739). The third alternative claim is for a rate of 22½ per centum ad valorem under paragraph 397, as modified by the General Agreement on Tariffs and Trade (T. D. 51802).

Plaintiff must, of course, prove not only that the collector's classification of this merchandise as smokers' articles under modified paragraph 1552 is incorrect, but must also establish the correctness of some one or another of its protest claims. *August Bentkamp* v. *United States*, 40 C. C. P. A. (Customs) 73, C. A. D. 500.

Plaintiff's first claim, for the reduced rate of 20 per centum ad valorem, rests on an allegation that the merchandise "consists of utensils chiefly used in the household, composed in chief value of steel, not plated with platinum, gold, or silver." While the protest is not precise, and there are several 20 per centum rate provisions in

the Torquay modification of paragraph 339, we are of opinion, from the record and arguments, that the particular Torquay modification on which this claim rests is intended to be the following specification of merchandise components:

Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

\* \* \* \* \* \* \*

Other base metal, including steel (except electric flatirons and household food grinding or cutting utensils)_____ 20% ad val.

Obviously, the component specification is related back to the prior merchandise specification. That specification, in the Torquay modification of paragraph 339, is as follows:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements or constituent parts:

The facts on which our decision rests appear not to be in dispute.

Plaintiff regarded this merchandise as smokers' articles for certain of its own organizational arrangements. This was conceded. As to this, Mr. Aston, merchandise controller, testified on direct examination (R. 3, 4) as follows:

Q. And just tell us what your duties are.—A. In the terminology of our merchandise controller, I control the buying of merchandise as opposed to a controller that controls money.

Q. What type of merchandise comes under your supervision or jurisdiction?— A. Candy, foods, tobaccos, smoking articles.

Q. I show you the papers in protest 242909–K, and ask you to be good enough to examine them.—A. (Witness complies with instructions.)

Q. After looking at the papers, will you state whether the merchandise described on the protest comes under your jurisdiction?—A. They do.

He also testified that these cigarette makers are advertised and sold as cigarette-making machines (R. 5). It was Mr. Aston's opinion that these cigarette makers would chiefly be used in the home (R. 6). A sample of the cigarette maker was put in evidence (plaintiff's exhibit 1).

Counsel stipulated (R. 13) as follows:

Mr. Whynman: Before submitting, it is hereby stipulated by and between counsel that the imported merchandise is composed in chief value of steel, not plated with platinum, gold, silver, or colored with gold lacquer.

Mr. Welsh: So agreed.

These are, in brief, the facts on which plaintiff rests its affirmative claim under modified paragraph 339, for classification as a household utensil, not specially provided for, not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of steel.

Plaintiff argues, on the opinion testimony of its witness Aston, that the cigarette makers are chiefly used in the home and, therefore, are dutiable under paragraph 339, which is a use provision.

Plaintiff is correct in urging the position that a use provision ordinarily prevails over an *eo nomine* designation. *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570; *M. Pressner & Co.* v. *United States*, 42 C. C. P. A. (Customs) 48, C. A. D. 568.

However, the competition here is not between a use provision and an *eo nomine* provision, as plaintiff seems to argue. The competition is between two different use provisions, for classification of smokers' articles under paragraph 1552 is also a classification dependent on use. *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310. Articles which are used *equally* for the convenience of smokers (par. 1552) and as household utensils (par. 339) have been held to be subject to duty under paragraph 1552, on the ground that it is the more specific provision. *Baltimore Clipper Importing Co.* v. *United States*, 69 Treas. Dec. 895, T. D. 48324.

Our appeals court, in *Knauth* v. *United States*, 1 Ct. Cust. Appls. 334, considered the provision for smokers' articles in paragraph 459 of the Tariff Act of 1897 (predecessor of present paragraph 1552) and stated its opinion (pp. 335, 336) as follows:

The phrase as used in the statute, "all smokers' articles whatsoever," is exceedingly comprehensive. The use of both words "all" and "whatsoever" seems to leave little doubt as to the intention of the legislature. "Whatsoever" is an intensified form of "whatever." The uniform definition is:

Of whatever nature, kind, or sort; * * * what thing or things soever; *no matter what thing or things*; * * *.

The intensified form of the expression used, together with the far-reaching effect of the qualifying words stated, manifests to our mind a purpose on the part of the legislature to reach out into all branches of trade and commerce and to gather within the dutiable provisions of this paragraph everything used chiefly by smokers, in that pursuit, and for that purpose, wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included. [Emphasis quoted.]

Plaintiff argues, but without citation of authority, that an article which is classified as a smoker's article under paragraph 1552 must be an article ready for use in the act of smoking. The cases are to the contrary.

Tables, to which smokers' accessories were affixed, were held dutiable as smokers' articles. *Steinhardt* v. *United States*, 126 Fed. 443. Cedar boxes, which could be used also for jewelry, bonbons, and trinkets, but which had the appearance of being designed to hold cigars and cigarettes, and which were so used, were found to be dutiable as smokers' articles. *Vandiver* v. *United States*, 1 Ct. Cust. Appls. 194. Similarly, a bottled alcoholic compound used to clean pipes is a smoker's article. *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310.

Considerable testimony was adduced as to the operation of this merchandise, in support of the protest claim to classification under modified paragraph 372, as a machine, finished or unfinished, not specially provided for. Paragraph 372 is a general provision that is not related to use. Therefore, it would not prevail in competition with the use provision of paragraph 1552, even if this merchandise were found to be a machine, not specially provided for. It is not necessary to go into that aspect of the case, in view of our opinion that the merchandise is a smoker's article.

Our opinion is similar as to the third alternative protest claim for classification under modified paragraph 397, as articles or wares, not specially provided for, composed wholly or in chief value of steel, but not plated with platinum, gold, silver, or colored with gold lacquer. Classification by use, namely, as a smoker's article, is more specific than, and will prevail over, the composition classification of paragraph 397. *United States* v. *Dunhill, supra.*

The protest claims are overruled. Judgment will be rendered accordingly.