(C.D. 2776)

CHADWICK-MILLER IMPORTERS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 22, 1966)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiff.
*J. William Doolittle*, Acting Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge. The articles at bar were classified by the collector as smokers' articles under paragraph 1552, Tariff Act of 1930, as modified by agreement supplementary to the General Agreement on Tariffs and Trade (T.D. 55816), dutiable at the reduced rate of 27 per centum ad valorem.

It is plaintiff's claim that these articles are place card holders, not smokers' articles, and that they should be classified as table utensils within the paragraph 339 enumeration, as modified by the same trade agreement, *supra*, dutiable at the reduced rate of 19 per centum ad valorem. This is the rate claimed on trial at Boston, rather than the 11 per centum rate specified in the protest as filed.

The pertinent provisions of the respective paragraphs are as follows:
Paragraph 1552, as modified (T.D. 55816):

All smokers' articles whatsoever, and parts thereof, finished or unfinished, and not specially provided for, of whatever material composed (except china, porcelain, parian, bisque, earthenware, or stoneware):

\* \* \* \* \* \* \*

 Other (except cigar and cigarette boxes, wholly or in chief value of wood, and valued at 50 cents or more) _____ 27% ad val.

Paragraph 339, as modified (T.D. 55816):

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

\* \* \* \* \* \* \*

 Plated with silver (except articles containing electrical heating elements, illuminating articles, and spoons) _____ 19% ad val.

The record consists of testimony and exhibits introduced by plaintiff. Defendant introduced no evidence.

It is stipulated of record that the articles at bar are in chief value of metal, plated with silver. The sample of the article in evidence (exhibit 1) is a filigreed cylindrical shaped tube, 2 inches in height and about ½ inch in diameter, open at the top and partly closed at the bottom, with a slit pea size knob attached to the outside of the cylinder, just above the bottom, the purpose of which is said to be to hold a name card. (Exhibit 1.)

Mr. Maurice Miller, president for about 20 years of plaintiff, Chadwick-Miller Importers, Inc., testified. Mr. Miller said that he is familiar with the imported article (exhibit 1), that it is one of four identical items that are packaged in a box with 12 blank place cards. Exhibit 1, so Mr. Miller testified, is used as a place card holder at formal dinner settings. He has seen it so used. The articles have other suggested uses, one of which is illustrated in the importer's catalogue, showing three cigarettes within the cylinder and a place card inserted in the slit of the knob. Mr. Miller agreed that the article can be used to hold cigarettes. A photograph illustrating that use, as it appears in plaintiff's catalogue, is in evidence. (Illustrative exhibit 2.)

Mr. Miller never saw or knew of these articles being sold individually, or other than in sets of four. While admitting that the cylinder will hold three cigarettes, when one might choose to use it for that purpose, Mr. Miller said that the principal use of the article is as a place card holder. He has seen it used for "other things such as flowers and other decorations used at a place setting." (R. 8.) The article is not used exclusively in homes, but also in banquet halls and other places where the occasion calls for a place setting at a table.

On cross-examination Mr. Miller explained that the type of flower decoration he has seen, was one where a flower head, minus the stem, or with a very short stem, was placed in the cylinder. The knob which holds the place card, said Mr. Miller, is not minimal to the overall design, but is in keeping with the purpose and design of the article as a place card holder.

Mr. Miller admitted that there are place card holders that do not hold cigarettes or other smokers' articles. His company, in fact, sells such place card holders, and he frankly agreed that the importer's catalogue described the imported article as a cigarette and place card holder.

There seems little doubt that the article at bar is intended for use, and is chiefly used, to contain cigarettes *and* a place card, on a table set for the service of a meal, often a formal dinner. Notwithstanding testimony as to having seen the article at bar used to contain a flower, but lacking anything to indicate that such was the chief use, the sample

in evidence is indeed a potent witness. Both the testimony and the illustrative exhibit introduced by plaintiff confirm our finding that the article at bar is chiefly used to hold cigarettes *and* a place card at a table setting.

This finding brings into competition two tariff enumerations, each according to use: use as a smokers' article and use as a table utensil. Chief use here, seemingly, is as both, that is, as a smokers' article which is used on a table. Such competition is, of course, not new.

In *Sears, Roebuck and Co* v. *United States*, 39 Cust. Ct. 5, C.D. 1893, we said:

* * * The competition [between paragraph 1552 and paragraph 339] is between two different use provisions, for classification of smokers' articles under paragraph 1552 is also a classification dependent on use. *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310. Articles which are used *equally* for the convenience of smokers (par. 1552) and as household utensils (par. 339) have been held to be subject to duty under paragraph 1552, on the ground that it is the more specific provision. *Baltimore Clipper Importing Co.* v. *United States*, 69 Treas. Dec. 895, T.D. 48324. [P. 8, emphasis copied.]

Here the record shows, as stated, *supra*, that the article at bar is *equally* used for the convenience of smokers and as an adjunct of a table setting. Whether or not it is a table *utensil* (it being unnecessary for us to decide that issue), but assuming *arguendo* that it is, the provision for smokers' articles is the more specific.

The protest is overruled. Judgment will be entered accordingly.