## VANDIVER *v.* UNITED STATES (No. 399).[1]

1. COMMON USE DETERMINES CLASSIFICATION.
    An article imported may not be confined in use exclusively to the purpose for which it is imported and, if sold to persons who use it for other purposes, its classification is not thereby changed and the rate of duty should be assessed for its general and commonly known use.

2. SMOKERS' ARTICLES.
    Cedar boxes of suitable size, plain and decorated, marked "Cigars" or "Cigarettes," are smokers' articles, and a finding by the Board of General Appraisers that other cedar boxes also of suitable size, of the same importation and similar in all essential respects to the boxes marked "Cigars" or "Cigarettes," though unmarked and possibly fitted for uses other than by smokers, are smokers' articles, will be sustained.

3. GLASS AND CHINA WARE.
    Articles of bronze and glass and china, such as inkstands, stamp boxes, etc., where the component material of chief value is metal, are dutiable under paragraphs 96 and 100 of the tariff act of 1897.

### United States Court of Customs Appeals, January 11, 1911.

APPEAL from a decision of the United States Board of General Appraisers (T. D. 29442; T. D. 29644).

[Modified and affirmed.]

*McLaughlin, Russell, Coe & Sprague (Edward P. Sharretts* of counsel), for appellant.
*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

HUNT, Judge, delivered the opinion of the court:

The appellant, John L. Vandiver, imported certain boxes, which were classified under the provision in paragraph 459 of the tariff act of 1897 as smokers' articles. Duty was assessed at 60 per cent ad valorem. Appellant also imported certain other articles, which were classified under paragraphs 96 and 100 of the aforesaid tariff

---

[1] Reported in T. D. 31219 (20 Treas. Dec., 113).

law as decorated china and decorated glass, respectively, and duty thereon was assessed at 60 per cent ad valorem. The importer protested, alleging that the boxes were dutiable at 35 per cent ad valorem, under paragraph 208 of the tariff act of 1897, as manufactures of wood, and at 35 per cent, under paragraph 450 of said act, as manufactures of leather, and that the articles classified as decorated china and decorated glass were dutiable at 45 per cent ad valorem, under paragraph 193, as manufactures of metal.

The Board of General Appraisers sustained the importers' protest as to certain articles illustrated by item 3101, Exhibit 8; item 2839, Exhibit 10; item 3146, Exhibit 9; and item 2851, Exhibit 12, of the decorated china and decorated glass importations, but overruled the protest as to all other items. Thereafter a rehearing was granted, and as a result, the Board of General Appraisers sustained the protest as to certain bone charms, items 3162 and 3163, Exhibit 1, but overruled it in all other respects. The effect of the final decision of the board was to reaffirm the decision originally made, except as to the bone charms.

We quote the provisions of the tariff act of 1897, which are material to the case:

Par. 96. All other china, * * * and crockery ware, and manufactures thereof, or of which the same is the component material of chief value, by whatever name known, not specially provided for in this act, if * * * decorated * * * in any manner. * * *

Par. 100. Glass bottles, decanters, or other vessels or articles of glass, * * * decorated, * * * and any articles of which such glass is the component material of chief value. * * *

Par. 193. Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal, and whether partly or wholly manufactured. * * *

Par. 208. * * * Manufactures of wood, or of which wood is the component material of chief value, not specially provided for in this act. * * *

Par. 450. Manufactures of leather, * * * or of which these substances or either of them is the component material of chief value, not specially provided for in this act. * * *

Par. 459. * * * And all smokers' articles whatsoever, not specially provided for in this act, including cigarette books, cigarette book covers, pouches for smoking or chewing tobacco, and cigarette paper in all forms. * * *

Some of the articles are cedar boxes, plain and decorated, which were invoiced as bonbon boxes, jewelry boxes, card boxes, etc. The appellant claims that such boxes are not smokers' articles, but are dutiable at 35 per cent as manufactures of wood under paragraph 208, heretofore quoted.

The boxes used as exhibits, and said to be samples, are made of cedar with brass trimmings. Some of them are about 8½ inches long by about 6 inches in·width; others are 4 by 8 inches. Upon the cover of one of the larger boxes the word "Cigars" appears in brass script.

Another exhibit of about the same size as the box just referred to, and made generally in the same way, has no word or letters upon it, but has a fancy picture of an English stagecoach. There is one smaller box, also made of cedar with metal bindings and leather coverings. Upon one of the smaller boxes the word "Cigarettes" appears in brass script upon the cover; upon another there is a small fancy picture and no lettering. The boxes are all of the same general character, the larger ones being identical in construction.

In the larger boxes, those marked "Cigars," as well as those with pictures but no words, there are sliding partitions, which one of the witnesses said enabled two brands of cigars, or cigars and cigarettes, to be kept in the same box. The witness said, however, that in the boxes which had no lettering upon the outside the partition was not for the same purpose as in the boxes marked "Cigars," and that the unmarked boxes had been sold for jewelry boxes, stationery, and papeteries, "also for cigarette boxes, if they are bought for that purpose." Witness said that in his store all the "wood goods" were kept together, whether the covers were for jewelry or cigars. He also said that while cigar boxes were sometimes lined with porcelain, zinc, copper, and wood, cedar was the wood generally used for cigar boxes, and he admitted that possibly three out of five boxes such as those with cedar partitions and marked "Cigars" were sold for cigar boxes, while the smaller ones, not marked, were sold for numerous purposes, but generally for holding cigarettes, although boxes with metal trimmings, like one of the smaller size not marked, were more frequently sold for jewelry; that if asked for fancy boxes, any of the boxes not marked "Cigars" or "Cigarettes" would be shown.

An examiner of merchandise at the port of New York, also called by the importers, testified that he had looked at the samples as represented by the boxes, and that the practice was to return such articles as smokers' articles. He gave it as his opinion that wood was the chief component value of all the boxes except one of the smaller ones, of which metal was the chief component value.

The articles of bronze and glass and bronze and china are inkstands and boxes suitable for stamps, bonbons, pen trays, etc. The evidence concerning these is that the component material of chief value is the metal; one witness, an examiner of merchandise at Philadelphia, saying that the value of the metal was two-thirds of the value of the whole.

W. M. Stewart, a salesman in a firm which imports stationery, fancy goods, smokers' boxes and trays, desk sets, and things pertaining to the fancy-stationery business, testified that the several exhibits, 8, 9, 10, 11, and 12, represented items covered by the invoice. Exhibit 8 is a glass inkstand decorated with metal top and bindings. Exhibit 9 is a small glass tray, fitting into a stand made of delicate brass. · Exhibit 10 is a decorated china penholder tray, with elab-

orate bronze mountings, suitable for a writing desk. Exhibit 11 is a glass stamp box with a brass lid, the whole fitting into a brass stand. Exhibit 12 is a circular glass box, 3¼ inches in diameter, divided into four compartments by glass partitions. The box has a glass cover, upon which appears metal ornamentation; the cover being fastened to a band cemented to the box itself. The sides are also ornamented with metal, the whole box resting upon small brass supports attached to a metal band surrounding the base of the box.

It is very plain that the boxes marked "Cigars" and "Cigarettes" are intended for cigars and cigarettes, respectively. Having a cedar box of appropriate size and marked "Cigars" or "Cigarettes," at once we associate the article with its usefulness for persons who smoke. Indeed, its chief purpose is so apparent that there is no real room for discussion. It is designed for smokers, is commonly used for their convenience, and is a smoker's article. Steinhardt & Bro. *v.* United States (126 Fed. Rep., 443).

Classification of the other boxes is not so simple. They are, however, with the exception of the small box covered with leather, of the same kind of wood and of the same sizes and style as the marked boxes. The larger boxes have the same style of partition in them, but, as stated, instead of script ornamentation, have pictures of an English stagecoach upon the covers. It is true, no doubt, that the cedar boxes could be used for jewelry, bonbons, and trinkets, and that they could be sold as fancy boxes for such purposes. But, on the other hand, it seems unlikely that a jewel box would be without lock and key, and altogether unreasonable that a candy box would be made of cedar, or that it would have a sliding tray, such as the exhibits have. They appear to be boxes designed for cigars and cigarettes. So does the box with the leather covering. It likewise is of cedar and of suitable size for cigarettes.

The testimony of the importer is not that these various boxes are not used and sold for smokers' uses, but that they are sold for numerous purposes, and that he "supposes" a majority of the smaller ones are sold for cigarettes.

To these statements, as well as to all other evidence upon the two sides of the case, the board are presumed to have given attention, and we believe that they were justified in finding that all the boxes were smokers' articles, were suitable for use by smokers, and were imported to be generally sold for such purpose. This would require us to sustain the finding of the board, for it is laid down that exclusive use is not the criterion; that is, that although an article is not used exclusively for the purpose for which it is imported, and, in fact, is sold to persons who may use it for other purposes, it is none the less dutiable at the rate prescribed in the specific provision covering it in its general and commonly known use. Worthington *v.* Robbins (139 U. S., 337); Magone *v.* Wiederer (159 U. S., 555); Isaacs *v.* Jonas (148 U. S., 648).

We believe that the decorated china and decorated glass classifications were properly made as to all items considered, except item 3148, Exhibit 11, the hereinbefore described glass stamp box ·with brass lid·attached. With respect to that, if paragraph 193 is applicable to items 3101, Exhibit 8, 3146, Exhibit 9, and 2839, Exhibit 10, it must cover item 3148, Exhibit 11, inasmuch as the metal thereof is of chief value and an essential part of the stamp box, and is not elsewhere specially provided for.

The decision of the board sustaining the protest specifically designated the items to which the decision became pertinent. We must modify the decision so as to make it extend to item 3148, Exhibit 11— the stamp box, as heretofore indicated—but when so extended, the decision can apply only to the exhibits identified on the invoice by number. It would not do to hold that the exhibits are representative samples of groups of invoice numbers, for the evidence does not so warrant, particularly as there is a specific objection to the board's receiving the samples as illustrative of any articles except those to which the numbers which they have been said to represent pertain.

The decision of the board is therefore modified so that it will include, in addition to the order sustaining the protest as to the items 3101, 2839, 3146, and 2851, item 3148 (Exhibit 11), and, as so modified, the decision is *affirmed*.