(C. D. 902)

V. E. SCOTT & Co. *v.* UNITED STATES

United States Customs Court, Third Division

Decided December 22, 1944

*Harper & Harper* (*Walter I. Carpeneti* and *Lawrence A. Harper* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States arising at the port of San Francisco by protest against the collector's assessment of duty upon the imported boxes as smokers' articles not specially provided for at 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930. The protest claims that the merchandise is properly dutiable at 33⅓ per centum under paragraph 412 as manufactures of wood.

The pertinent provisions of the tariff act are as follows:

PAR. 1552. Pipes and smokers' articles: * * * all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware, 60 per centum ad valorem; * * *

PAR. 412. * * * manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

(1)

At the first hearing at San Francisco a sample was introduced into evidence and marked exhibit 1. At a later hearing another sample, identical with exhibit 1, was introduced as exhibit 2. Apparently the first sample was not sent to San Francisco for the second hearing.

The exhibit consists of a wooden box, approximately 8½ inches long, 4¼ inches wide, and 2¾ inches deep. It is lined with wood and divided into two compartments. The smaller compartment measures approximately 2⅜ inches by 3⅜ inches by 2 inches and the larger 5¼ inches by 3⅜ inches by 2 inches. The invoice indicates that it is made of shisham (sissoo) wood. The outside of the box is carved with a leaf design. The cover is fastened on with two metal hinges and the interior of the box is so designed that the cover fits down over the inner lining and closes snugly. There is no lock and key.

Plaintiff called two witnesses at the trial. Verne E. Scott, the importer, testified that he had bought and sold the article in question over a period of years; that he had never seen it used as a smokers' article; that he had seen it used in two places for jewelry; that boxes used for smokers' articles are usually smaller; that the size and the partitioning of the box here are against its use as a smokers' article; that it was sold to department stores, gift stores, and jewelry stores but not to smokers' stores.

Aron Shainin, a sales representative, testified that he sold articles of the type of the exhibit to gift shops, department stores, and jewelry stores; that he had seen them on two occasions used for rings or other little trinkets, for pins and for other things; that he had not seen this type box used for cigarettes.

In summary, the testimony showed that the box had been seen on four occasions in use as a jewelry or pin box. The box itself is a potent witness. It is lined with wood in the manner that cigar and cigarette boxes usually are and there is no lock and key. A standard size pack of cigarettes, measuring 2⅛ inches by 2¾ inches by ⅞ inch, fits easily into the smaller compartment. The larger size cigarette package, measuring 2⅛ inches by 3⅜ inches by ⅞ inch, or cigars, fit easily into the larger compartment.

The testimony does not indicate what the chief use of the article is; it merely shows that the witnesses have seen the article used to contain jewelry or pins. If such use is incidental, it is immaterial. The chief use of the article controls the classification. *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310, T. D. 41231.

Some criteria may be found in previously decided cases. In *Vandiver* v. *United States*, 1 Ct. Cust. Appls. 194, T. D. 31219, the court had before it certain cedar boxes, some of which were marked "Cigars" or "Cigarettes" and some of which were not. The larger boxes had sliding partitions and all of the boxes were sold for various purposes. It was held that exclusive use was not the criterion and that "although

an article is not used exclusively for the purpose for which it is imported, and, in fact, is sold to persons who may use it for other purposes, it is none the less dutiable at the rate prescribed in the specific provision covering it in its general and commonly known use." The court also said:

\* \* \*. It is true, no doubt, that the cedar boxes could be used for jewelry, bonbons, and trinkets, and that they could be sold as fancy boxes for such purposes. But, on the other hand, it seems unlikely that a jewel box would be without lock and key, and altogether unreasonable that a candy box would be made of cedar, or that it would have a sliding tray, such as the exhibits have. They appear to be boxes designed for cigars and cigarettes. \* \* \*.

In *L. P. Varman* v. *United States*, 50 Treas. Dec. 256, T. D. 41777, the merchandise consisted of tun-wood boxes lined with a fleecy green cloth. The importer testified that he had known these boxes to be used in India for keeping cigars, but had imported them for candy boxes. The court said that if candy were placed on the cloth, the fleecy surface would stick to it and damage the candy or else portions of the candy would stick to the cloth. It was held that the boxes were more suitable for use as fancy cigar boxes than as candy boxes.

In *C. E. Bernard & Co. (Inc.) et al.* v. *United States*, 55 Treas. Dec. 654, T. D. 43341, the merchandise consisted of metal boxes lined with cedar. There was testimony that they were used as receptacles for candy, rubber bands, clips, hairpins, cuff links, and similar articles, but that they were also used for cigarettes. The court said:

We are convinced that, while the boxes might be used for candy, rubber bands, hairpins, cuff links, and similar articles, they are designed as receptacles for cigarettes.

However, in *Baltimore Clipper Importing Co.* v. *United States*, 69 Treas. Dec. 895, T. D. 48324, a small brass box lined with wood with a latch which held the lid closed, although there was no lock and key, was held dutiable as a household utensil under paragraph 339 rather than as a smokers' article. There was testimony that the box was used as a stamp box and that the presence of the latch would exasperate a smoker. It was held that since the testimony was unrebutted it was sufficient to overcome the presumption of correctness attaching to the collector's classification of the article as being chiefly used by smokers.

In *A. W. Fenton Co.* v. *United States*, 1 Cust. Ct. 151, C. D. 40, the merchandise consisted of boxes composed of poplar wood and lined with gumwood 4½ inches long, 3½ inches wide, and 2 inches deep. The lid was connected to the box by two metal hinges. The inside measurements of the box were 3⅛ inches by 2⅞ inches by 1⅜ inches. The inside of the lid was about ¾ inch in depth so that the contents of the box could project a little over the top and still permit the lid to close. There was testimony that the box was used for bobby pins, hairpins, stamps, buttons, and jewelry and also for cigarettes. It was

held that the boxes were not shown to be chiefly used for cigarettes, the court relying upon the testimony of a cigar merchant that the wood of which the boxes was composed was not suitable for use in a container of tobacco products, because it was not cedar wood. The court also said:

\* \* \*. It seems unreasonable that this box should be held a smoker's article and dutiable as such at 60 per centum ad valorem on the mere testimony of two witnesses that they had seen it used as a container for cigarettes, in view of the testimony of plaintiff's witnesses, and the evidence of the sample itself.

A somewhat contrary statement is found in *F. W. Woolworth Co.* v. *United States*, 68 Treas. Dec. 173, T. D. 47839, as follows:

\* \* \*. The best qualified of the plaintiff's witnesses admitted he had seen similar ones used as cigarette boxes, and the two witnesses for the Government stated they had never seen them used for any other purpose. On this state of the record we believe that a mere showing that three young ladies had used them and seen them used to hold trinkets, and a fourth witness had seen them used for that purpose as well as for holding cigarettes, is not sufficient to establish that these boxes are chiefly used as household utensils and are not smokers' articles as classified by the collector.

In the instant case the size and partitioning of the box itself make it readily adaptable to holding two sizes of cigarettes or cigars and cigarettes. The fact that it is wood lined is also significant even though there is nothing in the record to indicate whether or not sissoo wood is as suitable for a tobacco container as cedar wood. If the box were intended as a jewelry box it would probably be lined with a soft material to prevent scratching of the stones. The fact that there is no lock and key makes it less suitable for a jewelry box.

The collector having classified the merchandise as smokers' articles, it is presumed that he found all the necessary facts to exist which brought the goods within that classification. In order to overcome the correctness of the classification, the plaintiff must show the incorrectness of the classification and that the merchandise is otherwise classifiable. *United States* v. *Lilly & Co. et al.*, 14 Ct. Cust. Appls. 332, T. D. 41970. In view of the nature of the sample itself, we do not believe the testimony of the witnesses that they had seen the box used as a container of jewelry or pins is sufficient to overcome the presumption and establish that the box is not used as a smokers' article as classified by the collector.

On the record presented, the protest is overruled. Judgment will be rendered for the defendant.