(C. D. 1012)

UNITED CHINA & GLASS CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided June 21, 1946)

Philip Stein for the plaintiff.

Paul P. Rao, Assistant Attorney General (John J. McDermott, Arthur R. Martoccia, and Richard E. FitzGibbon, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States arising at the port of New Orleans by protest against the collector's assessment of duty on wooden lacquer boxes at 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930 as smokers' articles. It is claimed that the merchandise is properly dutiable at 33⅓ per centum ad valorem under paragraph 412 as manufactures of wood.

The pertinent provisions of the tariff act are as follows:

PAR. 1552. Pipes and smokers' articles * * * and all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware, 60 per centum ad valorem * * *

PAR. 412. * * * wood flour, and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

At the trial S. A. Stolaroff, vice president of the importing firm, testified that the articles had been purchased in China in 1939 to sell as Chinese novelties, not as cigarette boxes; that cigarettes or cigarettes in packages would fit into some of the articles, but that the king-size cigarette would fit only into one size; that the firm had never gone into the line of smokers' articles; that a proper cigarette box must be made of cedar and that these boxes are not made of cedar; that the boxes are not sold in the smokers' articles department of stores but are sold in the Chinese sections of gift shops; and that his daughter used such a box for rings.

Mrs. Gerald L. Weil testified that her husband and her father had operated a gift shop from 1922 to 1932 and that she had participated in the selling and the office work; that she sold these boxes for jewel boxes, trinket boxes, and stamp boxes but that she did not know what people did with them after they purchased them; that at wholesale they were sold in nests; that she had seen them in homes about five times, on dressers to hold small pieces of costume jewelry; that the boxes were not suitable for cigarettes because they would not keep the cigarettes fresh.

Mrs. S. A. Stolaroff testified that she had one or two of the boxes in her home and used them for jewelry; that she did not think they could be used for cigarette boxes because they would not keep the cigarettes fresh; that she had given away several as trinket boxes.

Defendant produced the witness Perla Strauss Schwartz, who testified that she had bought and sold boxes similar in size and shape, some of wood and some of leather over wood, as cigarette boxes; that some jewelry boxes have locks and that all of them are lined with satin, velvet, or suede; that the small box might be used for pins.

Plaintiff offered in evidence collective exhibit 1 consisting of five boxes representing the merchandise imported. They are rectangular

black lacquer boxes, two inlaid with mother-of-pearl, two with raised figures, and one with a painted figure. The two boxes with raised figures will fit inside each other, but the designs are not the same. The smallest box will not hold a standard-size package of cigarettes, but will hold loose cigarettes. The next size box will hold a package but it is a tight fit. The next size holds a standard-size package comfortably. The fourth box will hold a king-size package easily. The largest box is divided into three compartments, each of which will hold a standard-size package of cigarettes. None of these boxes have locks and none are lined. It is apparent that the boxes could easily be used to hold cigarettes, although they might not stay fresh since the boxes are not cedar lined. On the other hand, the boxes are not particularly suitable for jewelry since they are not lined with a soft material to prevent scratching nor can they be locked. The testimony given at the trial is not sufficient to establish the *chief* use of the boxes. Mr. Stolaroff had seen his daughter use one box for rings; Mrs. Weil had seen about five used for costume jewelry, but otherwise did not know what people did with them after they purchased them; Mrs. Stolaroff used two in her home for jewelry and had given away others for trinkets; Mrs. Schwartz had sold similar boxes for cigarettes.

A discussion of cases involving cigarette boxes will be found in our recent decision, *V. E. Scott & Co.* v. *United States*, 14 Cust. Ct. 1, C. D. 902. That case was presented on a record similar to that in the instant case. We held that the testimony of two witnesses that they had seen the box used on four occasions as a container for jewelry failed to overcome the presumption of correctness of the collector's classification. We think the same result is constrained in the instant case.

Defendant claims that plaintiff cannot prevail on the further ground that it has failed to show the chief use of the articles at the time of the enactment of the tariff act, citing *United States* v. *F. W. Myers & Co., Inc.*, 24 C. C. P. A. 464, T. D. 48913; *United States* v. *Belgam Corp.*, 22 C. C. P. A. 402, T. D. 47402; *Rossman* v. *Hedden*, 145 U. S. 561; *United States* v. *H. V. Albrecht*, 27 C. C. P. A. 112, C. A. D. 71. These cases state the rule that where the classification of an article designated *eo nomine* is dependent upon use, proof of chief use is confined to the time prior to and on the date of the passage of the statute. However, where the article is to be classified under a given provision only if chiefly used for a specified purpose, the use must be determined as of the date of importation. *Wilbur-Ellis Co.* v. *United States*, 18 C. C. P. A. 472, T. D. 44762. The provision here ("all smokers' articles whatsoever") is a comprehensive one referring to all articles used by smokers rather than a designation *eo nomine*. Cf. *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310, T. D. 41231, at page 313. Therefore, the cases cited by defendant are inappli-

cable. Moreover, plaintiff did introduce the testimony of Mrs. Weil which referred to the period from 1922 to 1932 (prior to and at the date of the passage of the Tariff Act of 1930).

However, on the ground that plaintiff has failed to overcome the presumption that the collector's classification is correct, we hold that the merchandise is dutiable at 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930 as smokers' articles. The protests are overruled and judgment will be entered accordingly.