(C. D. 1156)

KARAVAN TRADING CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 3, 1949)

*Strauss & Hedges; Barnes, Richardson & Colburn* (*Hadley S. King* and *Joseph Schwartz* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Harold L. Grossman,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: These are protests arising at the port of New York against the collector's assessment of duty upon brass inlaid wooden boxes as smokers' articles, not specially provided for, at 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930. It is claimed that the merchandise is properly dutiable at 33⅓ per centum under paragraph 412 as manufactures of wood.

The pertinent provisions of the tariff act are as follows:

PAR. 1552. Pipes and smokers' articles:  *  *  *  all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware, 60 per centum ad valorem;  *  *  *

PAR. 412. * * * manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem. `

At the trial four samples of the merchandise were admitted into evidence. Plaintiff's collective exhibit 1 consists of three square brass inlaid wooden boxes which fit inside of each other. The boxes are wood-lined and the covers fit down over the inner lining. The linings of the two larger boxes have cuts on two sides so that the inner box may be easily grasped and lifted out.

Plaintiff's exhibit 2 consists of an oblong box, approximately 6¾ inches by 3¾ inches, made in a similar manner but with no cuts in the sides of the lining. Plaintiff's exhibit 3 is a similar oblong box, approximately 5¾ inches by 3¾ inches. Plaintiff's exhibit 4 is a square box, 3¾ inches by 3¾ inches, otherwise similar to plaintiff's exhibits 2 and 3.

At the trial plaintiff called Theodore M. Gellert, who testified that he had been secretary of the plaintiff corporation until its liquidation and that he was now connected with its successor, Karavan Trading Co.; that he had attended to all imports of the corporation, all clearances through customs, and to some extent selling, but that he had nothing to do with buying the merchandise; that he sold the merchandise involved herein as "Hindu inlaid general utility boxes"; that he never sold them as cigarette or cigar boxes; that he never saw them used except in his own home where he used one like plaintiff's exhibit 4 as a collar button box; that the boxes had an acrid smell at the time of importation "half-way between varnish and vinegar." He stated that he had sold wooden boxes intended as containers for cigarettes or cigars; that those imported from Czechoslovakia and Germany had cedar lining; that those imported from Poland did not, but they were made exactly to size and had no objectionable smell. Two cigarettes, one of standard size and one of the so-called king size, were offered in evidence as plaintiff's illustrative exhibits A and B, respectively, and the witness testified that plaintiff's collective exhibit 1 and exhibits 2, 3, and 4 were not constructed in size or dimension to take either plaintiff's illustrative exhibits A or B.

The Government called Peter H. Cannon, who stated that he was an employee of Associated Merchandise Corp., which is a New York office for the 23 largest department stores in the United States; that it does market research and purchasing for these stores; that he is a market representative for fine jewelry, smokers' articles, and silverware; that he purchases around 200 to 300 thousand dollars worth of smokers' articles during a year; that to prepare himself for his work he contacts manufacturers and importers, visits sales outlets, and studies selling conditions. The witness was shown plaintiff's exhibits 2, 3, and 4 and stated that in his business they would be used

as cigarette boxes. The smallest box in plaintiff's collective exhibit 1 was then marked plaintiff's exhibit 1–A and shown to the witness who stated it was a cigarette box. The witness was then asked to fit the cigarette, plaintiff's illustrative exhibit A, inside plaintiff's exhibit 2 and stated that it fitted in an accepted and suitable manner. The same statement was made as to plaintiff's exhibits 3, 4, and 1–A. The witness testified further that he had seen boxes such as plaintiff's exhibits 2, 3, 4, and 1–A used to hold cigarettes; that based on his knowledge, experience, and observation such boxes were recognized as smokers' articles at or about June 17, 1930; that his answer was not affected by the fact that they did not have cedar linings; that he has handled cigarette boxes with linings composed of other than cedar wood.

On cross-examination he stated that he had sold boxes of the general size and shape of plaintiff's exhibits 2, 3, 4, and 1–A; that some were lined and some were not; that some had plastic, some metal, and some wooden linings in various kinds of wood; that those lined with wood might be natural, varnished, or stained; that on the types of boxes here involved he had no preference as to kind of wood, but that in large humidors he preferred cedar wood, because the cigarettes are kept in them longer and the wood does not give an odor to them; that he avoids using boxes with a substance having a strong odor; that plaintiff's exhibits 2, 3, 4, and 1–A are not suitable for king-sized cigarettes.

Since the collector classified this merchandise as smokers' articles, it is presumed that he found all the facts necessary to bring it within that classification. *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. 1, T. D. 43309; *United States* v. *I. Magnin & Co., Inc.*, 21 C. C. P. A. 77, T. D. 46394. The burden is on the plaintiff, therefore, to show the incorrectness of the collector's action and the proper classification. *United States* v. *Lilly & Co. et al.*, 14 Ct. Cust. Appls. 332, T. D. 41970; *United States* v. *Bullocks, Inc.*, 24 C. C. P. A. 41, T. D. 48330; *United States* v. *Bullocks, Inc.*, 25 C. C. P. A. 381, T. D. 49465.

It is a well-settled rule that all articles which are chiefly used by smokers are classifiable as smokers' articles, whether or not they may be also used for other purposes. *Vandiver* v. *United States*, 1 Ct. Cust. Appls. 194, T. D. 31219; *Knauth* v. *United States*, 1 Ct. Cust. Appls. 334, T. D. 31432; *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310, T. D. 41231.

In the instant case there is very little evidence tending to prove the use of these boxes and none as to chief use. Mr. Gellert stated that he had sold them for general utility boxes, but had never seen them used except in his own home as a collar button box. Mr. Cannon testified that in his business he would have to use them as cigarette boxes and that he had seen them used as such. However,

he did not state when or where or how many times he had observed them so used.

The samples themselves in a case of this character may be potent witnesses. *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. 219, T. D. 45995; *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, 28 C. C. P. A. 26, C. A. D. 120. The fact that the boxes are wood-lined is some indication that they were intended for cigarettes and not for jewelry. *V. E. Scott & Co.* v. *United States*, 14 Cust. Ct. 1, C. D. 902. There is testimony that while cedar lining is more desirable in large humidors, the kind of wood used in this type of box is of no great importance. While Mr. Gellert stated that at the time of importation these boxes had an offensive odor, making them unsuitable for cigarettes, no such odor exists at the present time.

Plaintiff's exhibits 2 and 3 are of the size and shape and have the general appearance of cigarette boxes. The standard-sized cigarette fits in them comfortably in the customary manner. While plaintiff's exhibit 4 is not so readily identified as a cigarette box by its general appearance, the standard-sized cigarette fits into it and it could be used to hold cigarettes.

Plaintiff's collective exhibit 1 consists of three boxes, the smallest of which is marked plaintiff's exhibit 1–A. It is very similar in size and shape to plaintiff's exhibit 4 and Mr. Cannon stated that he had seen such a box used for cigarettes. There is no testimony that the two larger boxes were so used. The second of the two boxes holds the king-sized cigarette comfortably and in the customary manner. The largest box is too big for either ordinary or king-sized cigarettes, but could hold cigars. Since the three boxes are constructed as a set, it is probable that they were intended to be used for standard-sized cigarettes, king-sized cigarettes, and cigars, respectively.

The oral testimony herein is not sufficient to overcome the collector's finding that the boxes are chiefly used as smokers' articles nor does an examination of the boxes themselves indicate that they could not have been so used. On the record presented, the protests are overruled. Judgment will be rendered accordingly.