(C. D. 1896)

B. SHACKMAN & CO. (INC.) v. UNITED STATES

United States Customs Court, Third Division

(Decided June 27, 1957)

*Sharretts, Paley & Carter* (*Jerome Fisch* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

DONLON, Judge: This merchandise was imported from Japan at New York. It consists of small wooden boxes, invoiced as "wood

novelties," and entered under paragraph 412 as manufactures of wood. On liquidation, the collector classified the merchandise as smokers' articles under paragraph 1552. This classification plaintiff has protested, claiming the entry classification.

A box from the entered merchandise was offered in evidence. It is about 5 by 3¾ by 1¾ inches in size and is decorated. It has a concealed mechanism which, when operated, swings open a drawer from a side of the box. There is no other way to open the drawer, save through this concealed mechanism. It locks automatically when the drawer is closed.

It was stipulated that this box is made of wood, but the kind of wood from which it is made does not appear in the record. It is a manufacture of wood, but the issue is whether there is dedication of this article to a particular use, that is, as a smoker's article, as defendant claims, so as to put it over into the use classification.

Plaintiff adduced the testimony of a single witness, Mr. Walter Rosenbaum, who is employed by plaintiff. Defendant adduced no evidence, relying on *V. E. Scott & Co.* v. *United States*, 14 Cust. Ct. 1, C. D. 902, as authority for its contention that plaintiff's ev dence is not sufficient to overcome the presumption of correctness that attaches to the collector's liquidation.

In our opinion, defendant misunderstands the rule that was enunciated in the *Scott* case. It does not lay down a strict numerical test that so-and-so-many times a particular use has been observed by a witness is the sole test of use. In the *Scott* case, all the evidence before the court was evaluated.

Emphasis was laid on the fact that the *Scott* box was not a lock box. This box is a lock box. Although there is no lock and key, a spring locks the drawer on closing, and the concealed drawer can be opened only through the operation of a concealed mechanism.

While plaintiff has not made an extensive record of proof in its behalf, in our opinion, enough testimony has been presented to overcome the presumption of correctness on which, alone, defendant relies. Plaintiff sells toys, novelties, tricks, and similar items. They get out a catalog of their line, and the catalog lists these boxes. The catalog describes this box as a novelty trick box, with a secret panel for gifts. They never offered it as a smoker's article. They sold the boxes mainly to a Detroit customer, and this customer is a trick and novelty house. Witness saw the box used at the home of friends, by children to keep their costume jewelry, and to store candy. On cross-examination, he said he had seen it used in the manner he described "once or twice." He also saw it displayed in stores to which he sold it, as a trick box or a novelty box. He never saw it used as a smoker's article.

The protest is sustained. Judgment for plaintiff.