(C.D. 4114)

B. R. ANDERSON & Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 30, 1970)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, and *Robert Glenn White* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Steven R. Sosnov* and *Robert Blanc*, trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

ROSENSTEIN, Judge: The merchandise involved herein, invoiced as "5″ Square dish" (exhibit 1) and "5¾″ Round dish" (exhibit 2), imported from Japan was entered in July 1962 and assessed for duty at 27 per centum ad valorem under the provision of paragraph 1552, Tariff Act of 1930, as modified by the 1960–61 Tariff Conference, T.D. 55615, for—

> All smokers' articles whatsoever, and parts thereof, finished or unfinished, and not specially provided for, of whatever material composed (except china, porcelain, parian, bisque, earthenware, or stoneware):
>
> \*       \*       \*       \*       \*       \*       \*
> Other (except \* \* \*)_____     27% ad val.

Plaintiff claims that the articles are properly classifiable under paragraph 339 of said Act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, and dutiable at the rate of 3½ cents per pound and 17 per centum ad valorem. This provision reads as follows:

> Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:
>
> \*       \*       \*       \*       \*       \*       \*
> Composed wholly or in chief value of aluminum _____     3.5¢ per lb. and 17% ad val.

Exhibit 1 is square, fairly shallow and has a metal base inlaid in part with mosaic tile; exhibit 2 is round, one-inch deep, and has a metal base overlaid in part with glazed ceramic material. Set in the middle of each article is a picture of the Seattle World's Fair Space Needle with the words "Space Needle Seattle Washington". Both items were stipulated to be in chief value of aluminum.

Plaintiff, at page 2 of the transcript and throughout the record, contended that the articles are not sold or chiefly used as smokers' articles or ash trays and are, therefore, "dutiable at 17 percent and 3½¢ per pound under paragraph 339 of the Tariff Act of 1930, as modified." This is in direct conflict with the finding inherent in the district director's presumptively correct classification of the merchandise as "smokers' articles". The law presumes that the director found all the facts necessary to bring these articles within that classification. *United States* v. *Marshall Field & Co.*, 17 CCPA 1, T.D. 43309 (1929); *United States* v. *I. Magnin & Co., Inc.*, 21 CCPA 77, T.D. 46394 (1933). The burden is on the plaintiff to show the incorrectness of the district director's action, and the proper classification.

Further, it is well established that all articles which are chiefly used by smokers are classified as smokers' articles, whether or not they may be also used for other purposes. *Vandiver* v. *United States*, 1 Ct. Cust. Appls. 194, T.D. 31219 (1911); *Knauth* v. *United States*, 1 Ct. Cust. Appls. 334, T.D. 31432 (1911).

At the hearing in September 1968, plaintiff produced five witnesses: the co-owner of the ultimate consignee of the merchandise who imported the articles as souvenir items and sold them to Seattle stores and concession stands; the owner of a souvenir and gift shop who sells the items in issue, but who has only been in that business for three years; an employee, but only for the past three years, of the company operating the gift shops in the Seattle Space Needle, who supervises the sales of their gift items and has sold exhibits 1 and 2 as ash trays; the former owner of an interest in a patented "fire-safe ash tray", who conceded that the exhibits could be used as ash trays for a pipe or cigar; and finally, the customs examiner who had advisorily classified the instant shipment which included other items not herein involved. These witnesses offered virtually little or no testimony as to the use of these exhibits and none as to their chief use.

The samples themselves in a case of this character are extremely strong witnesses. *United States* v. *The Halle Bros. Co.*, 20 CCPA 219, T.D. 45995 (1932); *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, 28 CCPA 26, C.A.D. 120 (1940).

Our appellate court has, time and time again, spelled out the date of chief use rather than subsequent use. The proof required in con-

nection with chief use must be related to the date of importation, which, in this case, was 1962. See *Randolph Rand Corp., J. J. Boll* v. *United States*, 53 CCPA 24, C.A.D. 871 (1966) ; *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company*, 47 CCPA 1, C.A.D. 719 (1959) ; *L. Tobert Co., Inc., American Shipping Co.* v. *United States*, 41 CCPA 161, C.A.D. 544 (1953).

On the record and the samples herein, and on the authority of the cases cited, *supra*, we find that plaintiff has failed to establish error in the classification or the correctness of its claim.

The protest is overruled, and judgment will be entered accordingly.