(C.D. 2181)

CHARLES A. REDDEN, INC.<br>ART PEARL WORKS } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 31, 1960)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: The issue here is whether, on the record before us, the shells of this importation bear marks of their special adaptation to a commercial use *limited* to buttons for securing parts of garments together, or for ornamentation on garments. That is the test that was laid down by our appeals court in *Paramount Import Export Co. et al.* v. *United States*, 45 C.C.P.A. (Customs) 82, C.A.D. 677. If the merchandise, as it was imported, did not bear marks of such special adaptation to limited use, it should be classified, not as partly finished shell buttons, but as manufactures of shell, or as shell, manufactured, not specially provided for, under modified paragraph 1538 of the Tariff Act of 1930.

The collector classified this merchandise under paragraph 1509 of the Tariff Act of 1930, the provision for buttons of shells, finished or partly finished. Duty was charged at 1¾ cents per line per gross, plus 25 per centum ad valorem.

There is a protest claim to classification under paragraph 1503, as spangles or beads. This was not pressed. We deem it abandoned. The claim under paragraph 1503 is overruled.

The protest alternatively claimed classification under paragraph 1538, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T.D. 52373, at 17½ per centum ad valorem. It is this claim which plaintiffs have pressed in the litigation.

On trial, the parties stipulated that those shell disks of the importation which are without holes, are the same in all material respects as the shells of the *Paramount* case, *supra*. Thus, the issue here is narrowed to the shells in which, at the time of importation, one hole has been punched.

We are of opinion that the record here does not show the special adaptation of these shells to use as buttons, which our appeals court

has made the test in such cases. Even if these shells are capable of being manufactured into buttons, and such use is substantial and long continued, if they have not been advanced to a form where they are commercially unsuitable for any other use, they are not deemed to be so dedicated to use as buttons as to be classified as such for tariff purposes.

Plaintiffs have filed a brief. Although defendant requested leave to file a brief, it later advised the court that it would not do so. While we do not necessarily construe this as a confession of judgment by defendant, such an attitude leaves the court without benefit of the views of defendant as to which of the facts of record, and what authorities, it relies on in opposing plaintiffs' protest.

Both plaintiffs and defendant adduced the testimony of witnesses on trial of this cause.

On both sides, the evidence showed considerable diversity in commercial use of shells such as the imported articles, including their use as buttons, but also their use in the jewelry and millinery trade, as ornaments on shoes, as eyes of toy animals, etc. The condition of the shells as imported was, on the evidence of record, not such as to limit their use to buttons to fasten garments, or to ornament garments.

The claim to classification under paragraph 1538, as modified, is sustained. The claim to classification under paragraph 1503 is overruled.

Judgment will be entered accordingly.