UNITED STATES *v.* COLIBRI LIGHTERS (U.S.A.) INC. (No. 5017) [1]

COLIBRI LIGHTERS (U.S.A.) INC. *v.* UNITED STATES (No. 5018)

United States Court of Customs and Patent Appeals, June 14, 1960

*George Cochran Doub*, Assistant Attorney General, and *Richard E. FitzGibbon*, Chief, Customs Section, for the United States.

*Sharretts, Paley & Carter*, *W. R. Johnson* (*Howard Clare Carter* of counsel) for Colibri Lighters (U.S.A.) Inc.

[Oral argument April 8, 1960, by Mr. FitzGibbon and Mr. Carter]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

MARTIN, Judge, delivered the opinion of the court:

Involved here are cross appeals from the judgment of the United States Customs Court, First Division, C.D. 2110. The merchandise, designed for use in cigar or cigarette lighters, is of two kinds. One consists of so-called "spark wheels" which it is agreed may be used as parts of either table or pocket lighters. The other consists of so-called "lighter inserts" which, according to the testimony, are imported for use as parts of table lighters.

Both were classified by the collector under paragraph 1527(c) of the Tariff Act of 1930 as articles or parts thereof designed to be carried on or about the person. The importer claimed classification under paragraph 1552 of the Act as smokers' articles or parts thereof.

The pertinent parts of the competing paragraphs read:

Par. 1527(c). Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including * * * cigar lighters * * * and like articles; all the foregoing and parts thereof, finished or unfinished: * * *

Par. 1552. Pipes and smokers' articles: * * * and all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for * * *.

The Customs Court held that since the spark wheels were equally adaptable for use in pocket or table lighters, the competing paragraphs were equally applicable. Thus, in accordance with the provisions of paragraph 1559 of the Act, they were classified under paragraph 1527(c) which prescribed the higher rate of duty. The protest was accordingly dismissed, but the importer has appealed from that holding in appeal No. 5018. The lighter inserts were held to be dedicated to use in table lighters as distinguished from pocket lighters, and therefore classifiable as smokers' articles. That protest was sustained, but the Government has appealed from that holding in appeal No. 5017.

---

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

With respect to the "spark wheels," appeal No. 5018, there is no issue of fact since it is agreed they are adapted for use in either pocket or table lighters and are not for any other purpose.

The situation with respect to those items appears to be quite similar to that in *Greenberg & Josefsberg* v. *United States*, 28 CCPA 138, C.A.D. 135, relied on by the Government. The articles there were "inlays," imported for use in table lighters, but which the court found to be suitable for use in pocket lighters. They had been classified by the collector as parts of pocket lighters under paragraph 1527, but the importer claimed classification under paragraph 1552 as parts of smokers' articles or, alternatively, under paragraph 397 as metal articles not specially provided for. The following language of the court in sustaining the collector's classification is pertinent here:

> The collector assessed the involved "inlays" as parts of "cigar lighters" designed to be carried on or about the person. That they are used as parts of such "cigar lighters" is not questioned by either of appellant's witnesses. We are of opinion that the evidence of record is insufficient to establish that the involved "inlays" are not parts of "cigar lighters" designed to be carried on or about the person, and that the presumption of correctness attending the collector's classification has not been overcome. That the provision for parts of "cigar lighters" designed to be carried on or about the person, contained in paragraph 1527(c), is a more specific designation for such parts than is the provision for parts of "smokers' articles," contained in paragraph 1552, *supra*, is so clear as to require no discussion.

In the *Greenberg* case there was evidence that the specific articles imported were used only in table lighters. One witness stated that he had never seen such articles used in pocket lighters, while the other witness stated that they were small enough to be used in pocket lighters, "but the general use of the lighter has been for things of larger size." That testimony was held insufficient to show that use of the articles in table lighters was not "merely fugitive;" the evidence in the instant case is quite similar and no more convincing, since there is no showing as to the extent to which the "spark wheels" are used in pocket and table lighters respectively.

Moreover, even assuming that the instant "spark wheels" have substantial commercial use in both pocket and table lighters and are not dedicated to either, their classification as parts of pocket lighters would be correct in view of paragraph 1559 of the Tariff Act of 1930 (T.D. 53599) which provides that:

> (c) If two or more enumerations shall be equally applicable to any article, it shall be subject to duty at the highest rate prescribed for any such enumeration.

The importer argues that paragraphs 1527 and 1552 are not equally applicable to the "spark wheels" since those wheels are not dedicated to use in pocket lighters, but are enumerated by specific description in

paragraph 1552 as smokers' articles or parts thereof. That argument appears to overlook the fact that paragraph 1552 does not embrace all smokers' articles but only those not specially provided for elsewhere. Pocket lighters and parts thereof are so provided for in paragraph 1527. The instant "spark wheels," therefore, do not appear to be any more dedicated to use in the smokers' articles provided for in paragraph 1552 than those in paragraph 1527. Consequently, in view of paragraph 1559, as well as ▮▮ the presumption of correctness attaching to the collector's classification, the decision of the Customs Court was correct and cross appeal No. 5018 is affirmed.

The "lighter inserts" at bar, appeal No. 5017, were described by the Customs Court as follows:

> The merchandise covered by the remaining protests * * *, as represented by the items hereinabove enumerated, consists of so-called lighter inserts. From an examination of the sample * * *, it appears that the lighter is in two parts. One part is the dull-finished metal shell or holder. The other part is comprised of the highly polished fluid container, the spark wheel, the wick, and the thumbpiece, which is also highly polished to match the fluid container. Pressure on the thumbpiece uncaps the wick and revolves the spark wheel against the flint to cause the spark which, in turn, ignites the wick. The fluid container, with the movable parts, fits into the shell. * * *

The importer called as a witness an officer of the Jacques Kreisler Manufacturing Corp., sole distributor of the imported merchandise, who testified that the "lighter inserts" were "specifically designated" for and exclusively used in the manufacture of table lighters and that they are not pocket lighters. The importer also called the president of appellant company, Colibri Lighters, who testified that he ordered the merchandise and delivered it to Kreisler. On the basis of that testimony the Customs Court found that the inserts were parts of table lighters, classifiable under paragraph 1552.

As the Government properly points out, however, ▮▮ classification should not be determined on the basis of the use to which the individual articles included in the instant shipments are to be put, but on the basis of chief use of articles of that class generally. *H. J. Baker & Bro.* v. *United States*, 37 CCPA 52, C.A.D. 419, and cases there cited. ▮▮ In determining such use it is proper to consider not only the testimony offered, but the characteristics of the merchandise itself. *United States* v. *Bernard, Judae & Co.*, 18 CCPA 68, T.D. 44029; *United States* v. *Frankel Importing Co.*, 18 CCPA 188, T.D. 44378; and *United States* v. *The Halle Bros. Co.*, 20 CCPA 219, T.D. 45995.

An inspection of the "lighter inserts" at bar shows that they are similar in all material respects to devices commonly used as pocket lighters. We agree with the statement in the Government's brief that "While it may be that persons prefer a polished shell to the dull unpolished shell of Exhibit 2, nevertheless Exhibit 2 is a complete pocket lighter and at worst is unfinished in that its shell is unpolished."

From our evaluation of the record, including the samples themselves, we are of the opinion that the importer's evidence was insufficient to overcome the presumption of correctness attaching to the collector's holding that the involved "lighter inserts" are classifiable under paragraph 1527 (c).

The judgment of the United States Customs Court in appeal No. 5017 is *reversed*, and its judgment in appeal No. 5018 is *affirmed*.

---

WORLEY, Chief Judge, dissenting in part.

I agree with the decision of the Customs Court and the majority in affirmance of Appeal No. 5018. However, I also agree with the holding of the Customs Court in Appeal No. 5017 that the record "is sufficient to establish, *prima facie* at least, that the items in question, * * * are parts of table lighters and, as such, are properly classifiable under the provision for parts of smokers' articles under paragraph 1552, as modified * * *" as claimed. Therefore, I would affirm in both appeals.