(C. D. 2211)

RANDOLPH RAND CORPORATION
J. J. BOLL
} v. UNITED STATES

United States Customs Court, Third Division

(Decided October 19, 1960)

*Barnes, Richardson & Colburn* (*Paul J. Gavin* and *Joseph Schwartz* of counsel) for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: These protests, consolidated for trial, are limited to that part of the imported merchandise which consists of metal frames in chief value of brass, identified on the entry invoices more particularly as frame Nos. 3972, 3988, and 4122. The frames are the product of West Germany and were further described in one or more of the invoices as "frames for Leather Cig. Cases."

The collector classified these frames under paragraph 1552 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, as "smokers' articles * * * and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware." Duty was assessed at the GATT modified rate of 30 per centum ad valorem.

Plaintiffs claim that these frames are properly dutiable at 20 per centum ad valorem, either under paragraph 397, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, or under paragraph 1552, as modified by GATT, *supra*. Plaintiffs do not specify under which of the modified provisions of paragraph 1552 entitlement to the 20 per centum rate is claimed. That is a protest defect.

However, plaintiffs do not argue their protest claim under paragraph 1552. That claim is deemed abandoned, and it is dismissed.

Plaintiffs' other protest claim, which is argued, is under modified paragraph 397. In relevant part, this provision is as follows:

Articles or wares not specially provided for, whether partly or wholly manufactured:

 *  *  *  *  *  *  *

 Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

*  *  *  *  *  *  *

 Not wholly or in chief value of tin or tin plate:

*  *  *  *  *  *  *

  Other, composed wholly or in chief value of iron, steel, *brass*, bronze, zinc, or aluminum (except the following: * * * luggage hardware; * * *). [Emphasis supplied.]

Defendant raises no issue that the frames in this litigation, sometimes referred to in the record as "hardware," are "luggage hardware" such as is specifically excluded from the above-cited modified paragraph 397 provision. Indeed, the common meaning of the term "luggage" would not appear to support such argument, on the record before us, if the argument were made. These frames are shown to be hardware that is used in the making of small leather goods, such as cigarette cases, pencil cases, and rosary cases, among others. (R. 10, 11.) These articles are not "luggage." Hence, *that* exclusionary provision is not applicable to this merchandise.

Frames, duplicates of the frames of this litigation but not taken from the actual shipment, are in evidence. (Plaintiffs' exhibits 1, 2, 3.) Plaintiffs also introduced into evidence nine articles, said to be illustrative of articles in the domestic manufacture of which the imported frames are used. (Plaintiffs' illustrative exhibits 4 to 12, inclusive.) These exhibits include two rosary cases (exhibits 4, 12), three stud cases (exhibits 5, 7, 11), a cigarette case (exhibit 6), two card cases (exhibits 8, 10), and a leather case (exhibit 9). These articles were manufactured by three leather goods manufacturers.

On trial, counsel stipulated that "Exhibits 1, 2, and 3 are composed wholly or in chief value of brass, are not plated with platinum, gold,

or silver and are not colored with gold lacquer." (R. 8.) Hence, *that* exclusionary provision is not applicable to this merchandise.

Plaintiffs adduced the testimony of Max H. Randolph, president, and Robert Heller, vice president, of Randolph Rand Corporation. Their testimony is that frame Nos. 3972, 3988, and 4122, the imported merchandise of this litigation, are used in the domestic manufacture of a considerable variety of articles, of which exhibits 4 to 12, inclusive, are illustrative.

Defendant did not cross-examine plaintiff's witnesses, nor offer any evidence in support of its case or in rebuttal of plaintiff's case.

Paragraph 1552, under which duty was levied, is more specific than paragraph 397 and gathers within its scope all described articles "wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included." *Knauth* v. *United States*, 1 Ct. Cust. Appls. 334. The collector's classification of the frames under paragraph 1552 was as "parts of smokers' articles, not specially provided for." Unless the frames at the time of importation bore marks of a special adaptation to commercial use which is *limited* to the manufacture of smokers' articles, they are not, for tariff purposes, parts of smokers' articles. *United States* v. *American Bead Co.*, 9 Ct. Cust. Appls. 27; *Charles A. Redden, Inc., et al.* v. *United States*, 44 Cust. Ct. 241, C.D. 2181.

In the often cited *American Bead* case, *supra*, our court of appeals said:

An article not an actual constituent of a manufacture can not be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture. An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of all of them as it is to the production of any one of them, and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture. [P. 29.]

Plaintiffs contend that since these frames are widely and generally used in the manufacture of a variety of articles, they are not dedicated to use as part of a smoker's article. Defendant argues that the record fails to rebut the collector's presumptively correct classification, and suggests that plaintiffs have proved no more than that the frames have been used *fugitively* to produce articles other than smokers' articles, citing *Greenberg & Josefsberg* v. *United States*, 28 C.C.P.A. (Customs) 138, C.A.D. 135.

The *Greenberg* case, however, points up the deficiencies of the defense case here. In the *Greenberg* case, articles which had been

classified as parts of cigar lighters, designed to be worn on apparel or carried on or about the person, under paragraph 1527(c)(2) of the Tariff Act of 1930, were claimed to be dutiable as parts of smokers' articles under paragraph 1552 or, alternatively, as articles, not specially provided for, under paragraph 397. It was there contended by the plaintiff that although the articles were parts of cigar lighters, they were not chiefly used in cigar lighters of a size designed to be carried on or about the person. Facts developed on the cross-examination of plaintiff's witness in the *Greenberg* case led our appeals court to view the evidence as to chief use of the articles as being too speculative to overcome the presumption of correctness which attached to the collector's classification.

There are, in this record, no conflicting facts to be weighed. Defendant made no case. There was no cross-examination. Plaintiffs' witnesses, officers of the importing corporation, are entitled to be believed when they state under oath, and without contradiction, that they know the uses of their products. They testified as to a variety of uses. As our appeals court said in *Klipstein* v. *United States*, 1 Ct. Cust. Appls. 122:

> * * * Importers and merchants are naturally desirous of increasing the number of their customers and the demand for the goods in which they deal, and as they have every incentive for knowing the uses to which their wares are or may be put it is only fair to assume, at least *prima facie*, that the only uses known to them are the only uses of such wares. [P. 124.]

Plaintiffs have made a *prima facie* case. The presumption of correctness which attached to the collector's classification is overcome.

Frame Nos. 3972, 3988, and 4122 have, on the evidence of record, various uses. They are not dedicated to use in the manufacture of smokers' articles and are not, therefore, parts of smokers' articles under paragraph 1552.

Holding as we do, on this record, that the frames are not parts of smokers' articles, we find no substance in defendant's final suggestion that the frames may find equal classification as "parts of articles designed to be carried on or about the person" or as "parts of smokers' articles," making them subject, under paragraph 1559(c), to the highest rate of duty provided in either classification.

Paragraph 1559(c) provides that "If two or more enumerations shall be equally applicable to any article, it shall be subject to duty at the highest rate prescribed for any such enumeration." This rule applies only where each of the enumerations is equally specific as to the particular article. *Lorsch & Co.* v. *United States*, 13 Ct. Cust. Appls. 172; *American Bead Co.* v. *United States*, 5 Ct. Cust. Appls.

459. Parts of articles designed to be carried on or about the person, which includes not only smokers' articles such as cigar lighters and cigarette cases, but also other articles, is a more specific provision than that for parts of smokers' articles. *Greenberg & Josefsberg* v. *United States, supra,* quoted with approval in *United States* v. *Colibri Lighters (U.S.A.), Inc.,* 47 C.C.P.A. 106, C.A.D. 739.

In alluding to the application of paragraph 1559(c) to the frames in this litigation, it is not helpful to us that defendant has failed to specify the paragraph (perhaps 1527(c)(2)), or the rate, which defendant claims as the basis of classification of these frames as parts of articles designed to be carried on or about the person.

Plaintiffs have overcome the presumption that the collector's classification under paragraph 1552 was correct, and have made at least a *prima facie* case for classification under paragraph 397. Defendant has not made, in rebuttal, a case for classification under any other paragraph.

The protest claim under paragraph 397 is sustained. The protest claim under paragraph 1552 is dismissed.

Judgment will be entered accordingly.