**JAMES S. BAKER (IMPORTS) CO., and Ted L. Rausch et al.**

**v.**

**UNITED STATES.**

C.D. 3048; Protest Nos. 62/15654–96121, etc.

United States Customs Court,
Second Division.
June 28, 1967.

Glad & Tuttle, San Francisco, Cal. (George R. Tuttle, San Francisco, Cal., of counsel), for plaintiffs.

Carl Eardley, Acting Asst. Atty. Gen. (Bernard J. Babb, New York City, trial atty.), for defendant.

Before RAO, Chief Judge, and FORD and LANDIS, Judges.

LANDIS, Judge:

The merchandise of these protests, consolidated for trial, consists of what the entry invoices in part describe as "sledges" and "sledgehammers," of various weights, some with wooden handles, some with only the sledge head and no handle. One of the shipments came from West Germany, the other from Japan. Both were entered at San Francisco where they were classified as hammers, dutiable at 22½ per centum ad valorem under paragraph 396, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739).

Plaintiffs claim that sledge heads and sledgehammers, with or without handles, should be classified *eo nomine* as sledges, under paragraph 326, as modified by the Torquay protocol, dutiable at eleven-sixteenths of a cent per pound. Alternative claim, in protest 63/1402, for duty classification under paragraph 397, is not pressed or argued and will be dismissed.

The competing tariff provisions provide, in pertinent part, as follows:

Paragraph 396, as modified (T.D. 52739):

Pipe tools, wrenches, spanners, screw drivers, bit braces, vises, and hammers; all of the foregoing, if hand tools not provided for in paragraph 352, Tariff Act of 1930, and parts thereof, wholly or in chief value of metal, not specially provided for ............22½% ad val.

Paragraph 326, as modified (T.D. 52739):

Blacksmiths' hammers, tongs, and sledges, track tools, wedges, and crowbars, of iron or steel ..............11/16¢ per lb.

---

On trial, three witnesses testified for plaintiffs. Plaintiffs also offered in evidence eight exhibits, representative or illustrative of the imported merchandise, in sizes weighing from 2 to 10 pounds each. No evidence was tendered by defendant. Both sides have filed briefs.

■ ■ We have read the testimony but do not discuss it since the briefs indicate that the facts basic to decision are not in serious dispute. The most persuasive and potent witnesses of what the litigated merchandise is, are the exhibits. United States v. Halle Bros. Co., 20 CCPA 219, T. D. 45995. We have examined them. They are, in shape, appearance, and weight, striking tools, commonly known and recognized as sledgehammers and sledge heads and we so find. Dale v. United States, 2 Ct.Cust.App. 384, T. D. 32111.

What the argument comes down to is a question of law, raised by defendant, as to the construction of paragraph 326. Defendant's chief points, simply stated, are that all striking tools (which sledges are) are hammers and that the only sledges provided for in paragraph 326 are blacksmiths' sledges. That question has never been previously raised in this court notwithstanding sledges have been eo nomine provided for in all tariff acts as far back as the Tariff Act of 1909.

■ Defendant argues that grammatically read, paragraph 326 reading "Blacksmiths' hammers, tongs, and sledges, track tools, wedges, and crowbars" means "blacksmiths' hammers, blacksmiths' tongs, and blacksmiths' sledges, track tools, wedges, and crowbars." (Defendant's brief, page 10.) The argument is plausible, but fails when brought to its logical conclusion. For, if all striking tools (including sledges) are hammers, then all blacksmiths' striking tools (including blacksmiths' sledges), are blacksmiths' hammers, and it was redundant of Congress to provide for sledges in paragraph 326 with blacksmiths' hammers or to provide for sledges at all, if it did not intend the term to be used without limitation. Constructions which

result in anomalies are best avoided. United States v. Geo. Wm. Rueff, Inc., 41 CCPA 95, C.A.D. 535.

While United States v. R. F. Downing & Co., 17 CCPA 194, T. D. 43645, may not be directly in point on defendant's argument, it did involve argument on statutory construction of a tariff paragraph, and that, in essence, is what defendant is urging here. The merchandise in *Downing* was tweezers designed and used as jewelers' tweezers. The collector classified them *eo nomine* under the provision in paragraph 354 of the Tariff Act of 1922 reading " * * * cuticle knives, corn knives, nail files, *tweezers,* hand forceps, and parts thereof, finished or unfinished, by whatever name known." [Italics added.] The importer protested claiming that jewelers' tweezers should be classified as manufactures of metal under paragraph 399 of the 1922 act. This court sustained the protest on the importer's theory that *noscitur a sociis* the tweezers in paragraph 354 referred to tweezers used for manicuring or pedicuring only. Our appeals court reversed stating:

> The rule of *noscitur a sociis,* it is known by its associates, is a rule of construction to be applied where there is doubt and ambiguity concerning the meaning of a word or expression used by the legislative body in enacting a statute. It can not be invoked where there is no doubt as to the meaning of the word or term used. * * *
>
> * * * * * *
>
> The language [tweezers] being thus plain and unambiguous, we are not permitted to limit its meaning by a sort of judicial legislation; we would only be justified in restricting the term to tweezers used for manicuring or pedicuring purposes by a showing that, irrespective of the language used, the congressional intent was to so limit it. No such showing has been made here. [P. 196.]

More recently, in United States, etc. v. Simon Saw & Steel Company, 51 CCPA 33, C.A.D. 834, our appeals court reversed the judgment of this court sustaining a protest claim that segmental circular saws were dutiable under paragraph 352 of the Tariff Act of 1930, as cutting tools of any kind containing more than one-tenth of 1 per centum of vanadium or more than two-tenths of 1 per centum of tungsten, molybdenum or chromium, rather than as circular saws, finished or further advanced than tempered and polished under paragraph 340, as assessed. Appellee there predicated its entire argument upon limiting paragraph 340 to saws for cutting wood to the exclusion of the imported saws designed to cut metal. It supported the argument with the rule of *noscitur a sociis*, pointing out that the only metal saws referred to in paragraph 340 were jewelers' saws, set apart, separately named and carrying their own duty rates. This court sustained the protest reasoning that, since the imported saws were covered by both paragraphs 340 and 352, the rule that the use provision in paragraph 352 should prevail over the *eo nomine* or descriptive provision in paragraph 340 was controlling. In reversing this court, our appeals court circumscribed both rules as follows:

> The rule *noscitur a sociis* is not ordinarily invoked unless there is a doubt as to the meaning or purpose of of a word. The doubt generally arises not from the word per se, but rather its context in the paragraph or its relationship to other language in the law, and the rule must yield if the meaning of the word can be otherwise ascertained. United States v. Urdika Wire Die Works, 19 CCPA 182, T.D. 45292.

We are not persuaded by appellee's argument that there is doubt as to the meaning of paragraph 340, as modified. The imported articles were within the common meaning of the term circular saws when that provision was enacted, and continue to be within the common meaning thereof. The meaning of terms used in the tariff act is ascertained by recourse to court decisions, dictionaries and other written authorities. See, e.g., Nix v. Hedden, 149 U.S. 304, [13 S.Ct. 881, 37 L.Ed. 745]

(1893); United States v. Flory & Co., 15 Ct.Cust.App. 156, T.D. 42219.

Paragraph 340, as modified, specifically provides for "circular saws finished or further advanced than tempered or polished." The common meaning of a "circular saw" is expressed in the 1931 and 1955 editions of Webster's New International Dictionary of the English Language as "a thin steel disc with teeth (usually forward set) on its periphery used by revolving it on a spindle." "Circular saws" are similarly defined in the 1961 edition of Webster's New International and in the 1931 and 1957 editions of Funk & Wagnalls New Standard Dictionary of the English Language. It is clear that the criteria for a circular saw are these: a steel disc, teeth on the periphery and use by revolving it on a spindle. The imported articles possess these characteristics. [Pp. 37, 38.]

\* \* \* \* \* \*

Over the years the courts have developed a number of methods for determining the intent of Congress. The first and most obvious of these is to examine the statute itself. See Magone v. Heller, 150 U.S. 70, [14 S.Ct. 18, 37 L.Ed. 1001] (1893). In customs classification cases, if one of the competing provisions can be said to be more specific and definite with respect to the merchandise at bar, then the merchandise may properly be classified on this basis alone. See United States v. Electrolux Corporation, supra. The rule of relative specificity is a judicial aid to the construction of a statute in order to conform with the intent of Congress. In the *Electrolux* case, supra, this court held that the more specific provision is the one having requirements which are more difficult to satisfy. And in Fink v. United States, 170 U.S. 584, 586 [587, 18 S. Ct. 770, 42 L.Ed. 1153] (1898), the

Supreme Court effectively stated the logical basis for the rule of relative specificity when it said:

\* \* \* Being reached, then, in some of its aspects by some of the provisions found in both paragraphs, the question is, which, if either of the two, is so dominant in its control of the article in question as to exclude the operation thereon of the other. The rule is that this, if possible, is to be determined by ascertaining whether one of the two paragraphs is more definite in its application to the article in question than is the other. \* \* \*

In other words, the paragraph that provides for the article with the greatest degree of accuracy and certainty is the more specific provision.

In the instant case, the lower court found paragraph 352, which provides for "cutting tools," to be more specific than paragraph 340, which provides for "circular saws." It did so while finding that the imported articles were, in fact, circular saws. When the two provisions are compared, we think it clear that paragraph 340 is narrower in scope and is more limited in its application to different articles. [Pp. 40, 41.]

So it is here. Paragraph 326 specifically provides for "sledges." Sledges are heavy hammers used for driving wedges, stakes, splitting rock and the like. They are most commonly characterized and distinguished by their appearance, shape, and weight. We find that the imported sledgehammers and sledge heads possess the distinguishing features commonly associated with sledges. They are, as it were, hammers but of a selectively narrower and relatively more specific class, known as sledges.

The protest claim under paragraph 326 is sustained. The claim under paragraph 397, in protest 63/1402, is dismissed.

Judgment will be entered accordingly.